## Patrick J. Hursen v. City of Chicago, The West Chicago St. R. R. Co. and the Lake St. El. R. R. Co.

1. NEGLIGENCE—*Bars a Recovery.*—If an accident is occasioned by negligence on the part of the plaintiff he is not entitled to recover, even though the defendants were also guilty of negligence.

2. ORDINARY CARE—*A Question of Fact.*—The question of proper care on the part of the plaintiff is one of fact for the jury, and if there is evidence to sustain their finding, it will not be disturbed.

3. INSTRUCTIONS—*Justifying Reversal and New Trial.*—To justify a reversal and new trial, an instruction must be prejudicial.

Action in Case, for personal injuries. Error to the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1898. Affirmed. Opinion filed October 27, 1899.

E. S. CUMMINGS, attorney for plaintiff in error.

ALEXANDER SULLIVAN, attorney for the West Chicago Street Railroad Company; EDWARD J. McARDLE, of counsel.

KNIGHT & BROWN, attorneys for the Lake Street Elevated Railroad Company.

Miles J. Devine and Matthew P. Brady, attorneys for the City of Chicago, defendants in error.

Mr. Justice Freeman delivered the opinion of the court.

This is an action to recover for personal injuries. The plaintiff in error was driving upon Lake street, Chicago, across the tracks of the Chicago & Northwestern Railway Company, at a point of intersection of said street with the railroad, when his wagon was upset by some obstruction and he was thrown out, receiving the injuries complained of. His contention is that the accident was caused by a pile of snow and ice created by the West Chicago Street Railroad Company, and augmented by water dripping upon it from the Lake Street Elevated Railroad and freezing. He states that he did not see the obstruction; that it was between five and six o'clock in the evening, and was dark.

Just previous to the accident the plaintiff had turned out of the track to get ahead of other teams waiting at the crossing for the gates to open, and the accident occurred directly upon the crossing between the gates.

There is evidence that the forward wheels ran upon this pile of snow, thus upsetting the wagon; and that the obstruction had been in that place for a week or ten days. This is the testimony of a police officer of the city, who also testifies that it was made up of snow swept off the street by the street car company and augmented by drippings from the elevated road, and that it was very icy at the time of the accident.

The jury returned a verdict for the defendants. It is urged in behalf of plaintiff in error that this verdict should be set aside as manifestly against the weight of evidence, and that the trial court erred in giving improper instructions.

Plaintiff's counsel argues that "there is no evidence that plaintiff in error saw the pile of snow and ice, or knew that it was there." That may be true, but the question is not merely whether he saw it, but whether in the exercise of ordinary care he ought to have seen it, and avoided the

accident. One of his witnesses states that at the time the accident occurred he saw the pile from a distance of at least one hundred and twenty feet. The jury were warranted in concluding from this testimony that if the witness could and did see the pile of snow, under the circumstances plaintiff in error ought, in the exercise of ordinary care, to have seen it also, in season to avoid running onto it. The place was one—a railroad crossing—where at all times the exercise of care and caution is called for. If the accident was occasioned by negligence on the part of the plaintiff, then he is not entitled to recover, even though the defendants were also guilty of negligence. The question of proper care on the part of the plaintiff was one of fact· for the jury, and there is evidence to sustain their finding.

" It can scarcely be repeated too often that the judge and jury who try a case in the court below have vastly superior advantages for the ascertainment of truth and the detection of falsehood over this court sitting as a court of review." Calvert v. Carpenter, 96 Ill. 67.

It is contended that the trial court erred in giving improper instructions. The instructions complained of stated in substance that under the evidence in this case the knowledge of a city policeman of the existence of the alleged obstruction was not sufficient notice to the city. Whether this instruction be deemed erroneous or not it is sufficient to say that it is not every error in an instruction which will justify a reversal and a new trial. It must appear to have been prejudicial. Dacey v. The People, 116 Ill. 555–576, and case there cited.

If the jury found from the evidence, as they might have done, that the accident occurred in consequence of the negligence of plaintiff in error in not looking out for and avoiding the obstruction, which it appears from the evidence was clearly visible, then the question of notice to the city was unimportant, and the instruction could not have been prejudicial.

We find no sufficient ground to justify this court in setting aside the verdict and judgment entered thereon.

The judgment of the Superior Court must be affirmed.