## Anna B. McCutcheon, Administratrix, Appellant, v. City of Chicago, Appellee.

### Gen. No. 14,597.

1. VERDICTS—*when not disturbed.* A verdict will not be set aside on review as against the weight of the evidence unless clearly and manifestly so.

2. CONTRIBUTORY NEGLIGENCE—*when driver of vehicle guilty of.* An experienced driver of a vehicle who was injured by being thrown from his seat as the result of driving into a hole in a public street, *held,* under the evidence, guilty of contributory negligence.

3. INSTRUCTIONS—*when erroneous upon measure of damages will not reverse.* An erroneous instruction will not reverse if the merits of the controversy have been properly adjudged against the plaintiff who is complaining of such instruction.

Action in case for death caused by alleged wrongful act. Appeal from the Circuit Court of Cook county; the Hon. ARTHUR H. FROST, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1908. Affirmed. Opinion filed July 9, 1909.

**Statement by the Court.** This case comes before us on appeal from a judgment of the Circuit Court in favor of appellee, city of Chicago, and against appellant, Anna B. McCutcheon, administratrix, etc. The action was brought by appellant, as administratrix of the estate of Allen Orr McCutcheon, against the city of Chicago to recover damages for negligently causing the death of her intestate.

Plaintiff's intestate, Allen Orr McCutcheon, was in his lifetime engaged in driving a team in the city of Chicago. Prior to his death he was for many years employed by the Standard Oil Company as a teamster, and selling oil. On the day of the accident, June 19, 1903, the deceased was driving an empty tank wagon drawn by a team of horses belonging to the Standard Oil Company. He was sitting on the seat of the wagon about six or seven feet high, and was driving south on Robey street in the city of Chicago. At the time of the accident there were two street car tracks on Robey

street which terminated at Fourteenth street. The street car tracks were located near the center of Robey street, and at a point about fifty or seventy-five feet north of Fourteenth street, a switch track connected the west or southbound track with the east or northbound track. That part of Robey street lying between the rails of the tracks and between the tracks was paved. The balance of the street had never been paved, but was an ordinary dirt or "country road." When the deceased with his team approached Fourteenth street from the north he was driving in the west or southbound street car track. A car was then standing on that track, and in order to drive around the car he pulled his horses to the left of the car and drove across to the east or northbound track, and in doing so the left front wheel of his wagon dropped into a hole in the street on the outside of the east rail of the east track where the street was not paved, causing the wagon to lurch, whereby deceased was thrown from his seat to the ground between the horses and injured so that he died. There is a conflict in the testimony as to the dimensions of the hole. From the testimony the jury might find that the hole was twelve inches deep, about two feet wide and from two to four feet long, or that it was a slight depression in the street of six or eight inches deep and less than a foot wide. The hole had been in the street some time before the accident.

MILES J. DEVINE, for appellant; JOHN J. DEVINE, of counsel.

EDWARD J. BRUNDAGE and JOHN R. CAVERLY, for appellee; EDWARD C. FITCH and D. H. WAMSLEY, of counsel.

MR. JUSTICE SMITH delivered the opinion of the court.

The negligence alleged in the declaration, which consists of one count, is that the defendant "wrongfully,

negligently and without reasonable diligence suffered the said street, at the point aforesaid (about fifty feet north of the corner of Robey and Fourteenth streets) to be and remain in bad and unsafe repair and condition, and unfit for travel, and divers of the blocks wherewith the said highway was paved, to be and remain uneven, loose, defective and removed from said public highway, leaving a hole or depression therein.''

The main questions of fact for the jury in this case were, first, whether the city of Chicago used reasonable care to keep Robey street at the place of the accident in a reasonably safe condition for travel, and, second, whether deceased at the time of the accident was in the exercise of ordinary care for his own safety. The decision of either of these questions of fact by the jury against the plaintiff is fatal to the right of recovery, unless their verdict is against the manifest weight of the evidence. It is manifest from the record that the jury decided either one or both of these questions against the plaintiff.

From the testimony in the record, and especially from the testimony of appellant's witnesses, it appears that the hole in the street was along the side of the street car rail and that it was from eight to twelve inches deep, two feet wide and from two to four feet long. The accident occurred about two o'clock in the afternoon of a clear bright day. The street was not muddy. There was nothing to prevent the deceased from seeing the hole, and avoiding it. The hole was plainly visible to Hattie Heff, looking out of a window seventy-five feet away, and to Edna Heff who was about the same distance away from it. These witnesses testify that they saw the hole and saw the wheel drop into it. If these witnesses saw the hole while looking casually out of windows in the neighborhood, and from the other evidence in the case and the situation as presented by it, the jury were warranted in believing that the decedent could have seen it if he had been using ordinary care for his own safety. The

situation presented to the jury by the undisputed testimony in the case shows that the hole in the street could have been avoided without the least difficulty and by the most ordinary care and attention. If the hole was what appellant claims it was, deceased could have avoided it by waiting until the car pulled out of the west track, or, he could have driven in the east track where the street was paved. And so no reason appears in the evidence for driving into the hole.

If, however, it was necessary for the deceased to drive into this hole for any reason, the evidence fails to show that the deceased took any precaution against being jolted from his seat. He was a driver of experience, and the jury were warranted by the evidence in believing that he knew what effect would be produced by driving into the hole and that he might be thrown from his seat, and yet, as above suggested, it does not appear that he adopted any measures to guard against the obvious danger of so driving.

There is abundant evidence, we think, to warrant the jury in finding that the deceased was not in the exercise of ordinary care for his own safety, just prior to and at the time he drove into the hole and was thrown from the wagon; and we do not think the verdict of the jury on this question should be disturbed. Hursen v. City of Chicago, 85 Ill. App. 298, and authorities there cited.

The evidence on the question of the negligence of the city is conflicting. There is evidence in the record tending to show that the hole in the street was not more than six or eight inches deep; that it was simply a rut or depression along the side of the east rail of the east track where the dirt had worn away, as McDermott testified, who was called as a witness by the plaintiff. The witness Derry, called by the plaintiff, said the hole was eight or ten inches deep, and ten inches or a foot wide. The jury may have concluded that the rut in a dirt road which had never been paved was not such as showed a want of reasonable care on the

part of the city to keep a dirt road in a reasonably safe condition for travel. If the jury so found on this issue, we would not be warranted in saying that the verdict is against the weight of the evidence.

It is urged that the court erred in giving to the jury the third and fourth instructions to the effect that the city is under no obligation or duty under the law to pave its streets and all that is required of the city is to exercise ordinary care to keep its streets in a reasonably safe condition for ordinary travel thereon; and while the city has the power to pave a street or streets within its limits, it is a matter of discretion with the city as to whether or not it shall avail itself of such power and pave any particular street or streets, and it cannot be regarded as negligence if it exercises such discretion.

The argument made against these instructions is based on the theory of the declaration that when the city has once paved a street, it is legally bound to repave those portions of the street which have become so worn as to create dangerous holes. This theory is not supported by the evidence which shows that the portion of the street outside of the car tracks where the hole was located had never been paved, and "divers blocks wherewith the said highway was paved" were not suffered "to be and remain uneven, loose, defective and removed from said public highway, leaving a hole or depression therein," as averred in the declaration. As applied to the facts shown by the evidence we do not think the instructions are erroneous.

As to the contention that the first instruction upon the measure of damages given at the request of the defendant is erroneous, it may be conceded for the purposes of this case that the instruction does not state the law correctly. But the instruction relates solely to the question of damages, should the jury find the defendant guilty. The jury returned a verdict for the defendant, and hence did not have occasion to consider the question of damages. The instruction, there-

fore, could not have prejudiced appellant, and any error therein is not ground for reversal. Cox v. City of Chicago, 83 Ill. App. 540, 543; Woffard & Rathbone v. Buchel Power & I. Co., 80 S. W. 1078; Catton v. Dexter, 70 Ill. App. 587.

We find no sufficient reason for reversing the judgment. The judgment is affirmed.

*Affirmed.*

MR. JUSTICE MACK took no part in the consideration of this case.