KIMBERLY M. MACKEY, Plaintiff-Appellant, v. MATTHEW DADDIO, Defendant-Appellee.

First District (5th Division) No. 85—0433

Opinion filed December 31, 1985.

Walter M. Ketchum, Ltd., of Chicago (Nancy M. Rundin, of counsel), for appellant.

Parrillo, Weiss & Moss, of Chicago (Kimberly S. Gladding, of counsel), for appellee.

PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

In this appeal from a judgment entered on a verdict for defendant, plaintiff contends that the trial court erred (1) in denying plaintiff's motion for judgment notwithstanding the verdict because the verdict was not supported by the evidence; and (2) in denying the plaintiff's motion for a new trial when it had (a) stricken plaintiff's repair estimate and the corresponding expert testimony even though defendant's motion to strike was not timely made; (b) refused to give a written jury instruction regarding the use of verdict forms; (c) refused to give Illinois Pattern Jury Instruction A45.09, a general verdict form tendered by plaintiff; and (d) refused to instruct the jury that defendant had the burden of proving plaintiff's alleged contributory negligence.

Plaintiff's action was for damages because of personal injuries received as a result of a collision between her automobile and one driven by defendant. She testified on her own behalf and as an adverse witness as follows: She was driving west on 19th Street when she was involved in a two-car collision with defendant just west of Cicero Avenue as defendant was driving in a northerly direction from an alley which intersected 19th Street. It was snowing at the time of the collision and the streets were icy, but visibility was not affected. She had been traveling west on 19th Street for about two blocks and had stopped for a red light on Cicero. After the light changed, she proceeded for about half a block during which her highest speed was 15 miles per hour. She did not see defendant's car at any time prior to the collision and her first indication of it was a "noise like someone hitting my car," a noise which she further described as "like two cars hitting" and "like metal crunching." At that time, her car was in front of the alley and toward the right side of 19th Street. She did not hear a horn or any other warning and she applied her brakes as soon as she felt the impact. The right front bumper of defendant's car struck the front, middle and back of her car. Her car slid sideways and came to a stop on the right side of the street with the rear wheel up on the curb. Al-

though she did not think that defendant's car moved after the collision, she also stated that when the vehicles came to a stop the front end of defendant's car and the back end of her car were still in contact.

Defendant also testified on his own behalf and as an adverse witness. He was traveling from work northbound through the alley which intersected 19th Street, which was a two-way street with no center line or division. At the end of the alley, he stopped with the front end of his car about even with the stop sign which was set back from the street. He looked in both directions but did not see any cars coming even though he could see to his right at least as far as Cicero Avenue. He then applied light pressure to the accelerator and started forward intending to make a left turn to go west on 19th Street. As he pulled out, he saw plaintiff's car about two car lengths away. He was traveling about five to 10 miles per hour at the time he saw plaintiff's car and about 40% of his car was past the stop sign and his bumper was even with the curb at that time. He then applied the brakes and no part of his car was past the center of 19th Street when he came to a stop. He estimated that she was traveling about 35 or 40 miles per hour and was to the left of the center of the street at that time. He testified also that plaintiff's car hit his vehicle but at his deposition a year earlier he had said that he couldn't say which car struck the other. He further stated at trial that plaintiff's car scraped across his front bumper and that his car simply rocked from the impact but remained where it had stopped. Plaintiff's car came to rest about 30 feet from the impact in the center of the street and not on the curb.

OPINION

Plaintiff first asserts error in the denial of her motion for judgment notwithstanding the verdict. The parties agree that the proper standard for consideration of such a motion is that it should be granted only where all the evidence, when viewed in the light most favorable to the party opposing the motion, so overwhelmingly favors the movant that no contrary verdict based upon the evidence could ever stand. (*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504.) Thus, where a substantial factual dispute exists, or where the assessment of the credibility of witnesses or determination regarding conflicting evidence may be decisive of the outcome, judgment notwithstanding the verdict should not be entered. (*Wright v. Yellow Cab Co.* (1983), 116 Ill. App. 3d 242, 451 N.E.2d 1313.) Here, it appears that there was such a factual dispute

since the parties presented essentially conflicting versions of the incident and there were no other witnesses with respect to liability. Defendant testified that, when he stopped his vehicle, he had not crossed the center of the street, and that plaintiff's westbound car which she was driving to the left of the center of the street at about 35 to 40 miles per hour, scraped his car as she passed. Plaintiff admitted that she did not see defendant's car before the impact and there was no evidence of anything which may have obstructed her vision. In the light thereof, we believe that the evidence, when viewed in the aspect most favorable to defendant, does not so overwhelmingly favor plaintiff to justify the entry of judgment for her notwithstanding the verdict.

■ Plaintiff next contends that the trial court erred in refusing to give Illinois Pattern Jury Instruction, Civil, No. A45.09 (2d ed. 1981 Supp.), the general verdict form for plaintiff, and in also refusing to give in written form Illinois Pattern Jury Instruction, Civil, No. 45.01 (2d ed. 1981 Supp.), which the court gave orally (both hereinafter cited as IPI Civil). We note that plaintiff has cited no authority in support of her argument that IPI Civil No. A45.09 should have been given. We note, however, that IPI Civil No. A45.06—the general verdict form for plaintiff, which was tendered by defendant—was given. The comments and notes on use of that instruction state that it should be given where, as here, comparative negligence is at issue and the court wishes to learn the percentage of negligence attributed to plaintiff. Those comments also state that the general verdict form tendered by plaintiff, IPI Civil No. A45.09, is to be used "in all other cases." We therefore believe the trial court properly refused No. A45.09 but, even assuming the trial court here could have submitted No. A45.09 in addition to No. A45.06, the refusal to give it was not prejudicial. "A liberal application of the harmless error doctrine to jury instruction issues is favored when it appears that the rights of the complaining party have in no way been prejudiced. [Citation.]" (*Brooks v. City of Chicago* (1982), 106 Ill. App. 3d 459, 466, 435 N.E.2d 1182, 1188.) Here, plaintiff argues only that verdict form No. A45.06 implies that there must necessarily be a reduction of plaintiff's recovery. We disagree and, in any event, it is not prejudicial where the jury finds for defendant on the liability question (see *McCutcheon v. City of Chicago* (1909), 150 Ill. App. 232). We find plaintiff's assignment of error with respect to IPI Civil No. A45.09 to be without merit.

■■ ■ Plaintiff also asserts error in the refusal to give IPI Civil No. 45.01 in written form where it was given orally. She agrees,

however, that No. 45.01 is the general verdict form which is to be used when contributory negligence is not at issue. It was in issue here and it was therefore properly refused, as there is no error in refusing to give an incorrect instruction (*National Tea Co. v. Commerce & Industry Insurance Co.* (1983), 119 Ill. App. 3d 195, 456 N.E.2d 206). While agreeing with this point in her brief, plaintiff nonetheless argues on appeal that she "requested" that an applicable IPI Civil No. 45.01 be given in writing as required by section 2—1107 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—1107). However, plaintiff did not tender any such instruction, and it is well established that a party who complains that a certain instruction should have been given waives any objection where a proper instruction is not tendered to the court (87 Ill. 2d R. 366(b)(2)(i); *Frankenthal v. Grand Trunk Western R.R. Co.* (1983), 120 Ill. App. 3d 409, 458 N.E.2d 530; see also *Auton v. Logan Landfill, Inc.* (1984), 105 Ill. 2d 537, 475 N.E.2d 817; *Grabner v. American Airlines, Inc.* (1980), 81 Ill. App. 3d 894, 401 N.E.2d 1196), and it is not the trial court's responsibility to prepare or amend instructions. (*Fornoff v. Parke Davis & Co.* (1982), 105 Ill. App. 3d 681, 434 N.E.2d 793.) Here, when the court refused to give plaintiff's IPI Civil No. 45.01, it stated that the two verdict forms would be read to the jury and the record indicates that this was done. Plaintiff does not complain about the content of the court's oral instruction, but argues that it should also have been given to the jury in writing. This contention was waived, however, by the failure of plaintiff to tender in writing what she believed would have been an appropriate instruction.

■■■ Plaintiff additionally contends that the trial court erred in refusing to instruct the jury that defendant has the burden of proof with respect to plaintiff's contributory negligence. However, as we have previously discussed, a party who complains that an instruction should have been given waives his objection for purposes of appeal where he does not tender an appropriate instruction to the trial court. (*Auton v. Logan Landfill, Inc.* (1984), 105 Ill. 2d 537, 475 N.E.2d 817.) Here, plaintiff tendered and the trial court gave IPI Civil No. A21.02 on plaintiff's burden of proof, but at the conference on instructions, plaintiff's counsel stated that she wanted the jury to be instructed that defendant had the burden of proving contributory negligence of plaintiff. Although she attached to her posttrial motion a modified IPI Civil No. 21.02 to that effect, she made no tender thereof at the conference on instructions, and she has thus waived her contention that it should have been given. More-

over, contributory negligence now applies only to reduce damages (*La Salle National Bank v. City of Chicago* (1985), 132 Ill. App. 3d 607, 478 N.E.2d 417), and it is well established that where a defendant is found not liable, alleged errors which pertain solely to the question of damages do not afford grounds for reversal. (*Brunner v. Yellow Cab Co.* (1957), 13 Ill. App. 2d 255, 141 N.E.2d 658 (abstract); see also *Runyon v. Rich* (1983), 120 Ill. App. 3d 631, 458 N.E.2d 213; *McCutcheon v. City of Chicago* (1909), 150 Ill. App. 232.) Here, the jurors were properly informed by IPI Civil No. A10.03 that any contributory negligence on plaintiff's part did not bar recovery but would only proportionately reduce damages and by IPI Civil No. 30.01 that if they decided for defendant on the question of liability, they would have no occasion to consider the question of damages. Because the jury found that defendant was not liable, we conclude that the alleged error in failing to instruct as to the burden of proving contributory negligence is not grounds for reversal.[1]

■ Plaintiff's final contention, that the trial court erred in striking her repair estimate and the corresponding expert testimony, is also controlled by the foregoing discussion since it is an alleged error which pertains solely to the question of damages.

For the reasons stated, the judgment of the trial court is affirmed.

Affirmed.

LORENZ and PINCHAM, JJ., concur.

---

[1] In view of this holding, it will not be necessary to consider the question as to whether it is defendant's burden of proof as to contributory negligence. Suffice it to say that the question is now before the Illinois supreme court on appeal from *Casey v. Baseden* (1985), 131 Ill. App. 3d 716, 475 N.E.2d 1375.