(No. 23888.—

THE R. B. HAYWARD COMPANY, Appellee, *vs.* THE LUNDOFF-BICKNELL COMPANY, Appellant.

*Opinion filed February 12, 1937—Rehearing denied April 8, 1937.*

SONNENSCHEIN, BERKSON, LAUTMANN, LEVINSON & MORSE, (I. E. FERGUSON, JESSE H. BROWN, and BERNARD SAVIN, of counsel,) for appellant.

C. S. BENTLEY PIKE, and NORMAN A. BROHOLM, for appellee.

Mr. JUSTICE SHAW delivered the opinion of the court:

The R. B. Hayward Company, which will be referred to as the plaintiff, sued the defendant, the Lundoff-Bicknell Company, in the municipal court of Chicago, for a sum of money alleged to be due under a sub-contract in connection with the erection of '"The Irish Village" at the recent Century of Progress Exposition in Chicago. The defendant was a general contractor, while the plaintiff's work was confined to the ventilating equipment. The trial was before the court without a jury. The plaintiff's statement of claim was based on an oral contract for labor and materials, to be completed before May 25, 1934, and an oral modification thereof for further and additional labor and materials. The whole agreed price to be paid was $2496. The statement of claim alleged the completion of the contract within the time limited and the defendant's refusal to pay. It was duly verified.

The defendant, by its vice-president, Norris, filed an affidavit of merits to the whole claim on the following grounds: (1) That its contract with the Irish Village Corporation, made in March, 1934, required payment of one-half the total cost before May 25, 1934, and the balance before August 15, 1934; (2) that the plaintiff and the defendant entered into an oral agreement to furnish the ventilation equipment, under the terms of which oral agreement the defendant would be liable to the plaintiff only when, as and if payment was received by the defendant from the owner; (3) that thereafter, on May 25, 1934, the plaintiff and the defendant entered into a written agree-

ment which provided, in substance, that payments should be made to the sub-contractor only upon condition that the payments were made by the owner; and (4) that the ventilation equipment was furnished pursuant to that contract. On trial of the case the municipal court found for the defendant, but on appeal to the Appellate Court for the First District that judgment was reversed and judgment entered in the Appellate Court in favor of the plaintiff and against the defendant for $2496. The cause is here on appeal by leave granted.

The oral negotiations which resulted in the original contract for the work to be done were conducted by a Mr. Curtain, chief engineer and purchasing agent for the defendant, and William Kuechenberg, superintendent of the plaintiff company, who both testified to the terms of the oral agreement and that it contained no conditions as to payment. This fact is further corroborated by documentary evidence in the form of a letter from the plaintiff to the defendant clearly stating the terms of payment, which was not answered, and an invoice, which was likewise without condition. This invoice bears on its face the approval of the defendant by its superintendent. It was admitted by all parties that the work was completed on or before May 25, 1934. It further appears from the record that the written sub-contract, which was a very long document, was sent to the plaintiff company for signature on the day the Irish Village Corporation defaulted and after the defendant knew of the default. The president of the plaintiff company, without reading this instrument with any degree of care and thinking it merely a confirmation of prior agreements, signed it and returned it to the defendant. He was then immediately notified of the default by the Irish Village Corporation and that there would then be no money for his company.

The Appellate Court found as ultimate facts that the original oral agreement between the parties contained no

condition as to payment and that the written document was but a part of a scheme of the defendant company to evade its obligations to the plaintiff. This finding is amply sustained by the evidence, and is, indeed, quite obviously true when it is borne in mind that the work had been entirely finished and the default occurred when the written document was sent out for signature. It must be noted that the plaintiff's original statement of claim and the defendant's affidavit of merits presented to the trial court as the only issue for decision the question whether the original oral agreement was for payment absolutely and in all events or conditionally upon the defendant being paid by the Irish Village Corporation. The affidavit of merits stated quite positively in its second paragraph that payment was to be made only if, as and when payment was received by the defendant, and it further stated that the subsequent written agreement was to the same effect. It was at no time contended in the trial court that the written agreement, executed after the work was finished, superseded or modified the previous oral agreement. In fact, it was offered in evidence in the trial court as constituting a written declaration against interest and for the purpose of impairing the proof of the oral agreement. In its Appellate Court brief the defendant said: "Only one issue was raised by the pleadings in this case, viz., what were the terms of payment orally agreed upon between the plaintiff and the defendant for the work, labor and materials to be done or furnished by the plaintiff in the construction of the Irish village. * * * The sole question before the court is, therefore, whether the trial court erred in receiving in evidence the signed contract of May 25, 1934. Whether or not the contract was technically valid either *per se* or as a confirmation of an oral agreement is not material. * * * The argument of the plaintiff that the contract of May 25, 1934, is unenforcible in the absence of the allegation and

proof of its consideration, evades the real issue." In this court the defendant takes quite a different position.

It is here urged that the Appellate Court erred in making a finding of fraud, and should have followed the well known principle that where a contract is equally susceptible of an honest or dishonest construction the former must be adopted. It is also argued that all prior negotiations were merged in the written contract, that its seal imports consideration, and that the plaintiff could not avoid its effect by claiming that he failed to read it before signing. Parties may not thus shift their ground. The defendant is precluded from urging error on matters inconsistent with admissions in its pleadings or on theories different from those presented to the trial court. (*Lewy* v. *Standard Elevator Co.* 296 Ill. 295.) If, as we must conclusively presume from the Appellate Court's finding, the original oral agreement contained no conditions as to payment, the subsequent written document sent out for signature after default had occurred could not well have been other than exactly what the Appellate Court found it to be—*i. e.,* "a part of a scheme of defendant to evade meeting its obligations to plaintiff." There was no consideration for it, and under the facts as they existed it is immaterial whether or not it was under seal. As to the defendant's other points concerning the weight to be given to a sealed instrument, they must necessarily fall with the instrument itself.

As to the defendant's contention that a subsequent written instrument merges all prior oral understandings, it must likewise fail to impress us, because it is contrary to the defendant's own theory of the case in the trial and Appellate courts.

On the whole record we find no error, and the judgment will be affirmed. *Judgment affirmed.*