(Nos. 59699, 60021 cons

JUDITH A. AUTON, Adm'r, Appellant, v. LOGAN LANDFILL, INC., *et al.* (John Deere Company *et al.*, Appellants and Appellees; Logan Landfill, Inc. *et al.*, Appellees.)

*Opinion filed November 30, 1984.—Modified on denial of rehearing March 29, 1985.*

538

Richard F. Record, Jr., of Craig & Craig, of Mattoon (John O. Hayes and Kathleen R. Gibson, of Moline, of counsel), for appellants.

Murvel Pretorius, Jr., of McConnell, Kennedy, Quinn & Johnston, of Peoria, for appellee Merrill's Contractors.

William O. Martin, Jr., of Samuels, Miller, Schroeder, Jackson & Sly, of Decatur, for appellees Logan Landfill, Inc., and Keith Spencer.

Robert D. Owen, Linda M. Castleman, and Robert M. Owen, of Owen, Roberts & Susler, Ltd., of Decatur, for appellant.

Richard F. Record, Jr., of Craig & Craig, of Mattoon (John O. Hayes and Kathleen R. Gibson, of Moline, of counsel), for appellees.

JUSTICE SIMON delivered the opinion of the court:

This appeal involves a claim for damages resulting from an accident which caused the death of Rodney Auton, an employee of Merrill's Contractors, Inc. The deceased was working on a road improvement project in Decatur. He had been assigned the task of checking the grade of a road in conjunction with another workman, Keith Spencer (Spencer). Spencer's job was to operate a road scraper manufactured by John Deere & Company and Deere & Company, related corporations (Deere). While Auton was checking the grade of the road, Spencer backed up the scraper, struck Auton and crushed him beneath the machine.

Judith Auton (Auton), the plaintiff, as administrator of the estate of her husband, filed suit in the circuit court of Macon County against, among others, Deere, Spencer and Logan Landfill, Inc., the owner of the scraper and employer of Spencer. Auton alleged that Spencer and Logan Landfill were negligent; her action against Deere was based on strict products liability. Deere filed a third-party complaint seeking contribution from Logan Landfill, Spencer and Merrill's Contractors. These three parties settled the negligence count with Auton, and an order was entered dismissing

Deere's third-party action against them, which dismissal Deere appealed. A jury returned a verdict for Deere in the principal action after receiving instructions which allowed such a verdict on the products liability count if the deceased had assumed the risk of working on or near the Deere equipment.

On appeal, the judgment in favor of Deere was affirmed (121 Ill. App. 3d 724), and Deere's appeal in the third-party action was dismissed as moot. Auton's argument in the appellate court was that our decision in *Coney v. J.L.G. Industries, Inc.* (1983), 97 Ill. 2d 104, which applied comparative fault to products liability claims, required that the appellate court reverse the circuit court and order a new trial. The appellate court affirmed the judgment for the defendants because it concluded that *Coney* applied only prospectively and because Auton's trial was completed prior to our decision in *Coney*. We allowed Auton's petition for leave to appeal (87 Ill. 2d R. 315(a)) in which she contended only that comparative fault should have been applied in the trial of the case. Because of our resolution of this issue, we need not determine the additional issues raised by Deere's petition for leave to appeal, which was also allowed and consolidated with the Auton appeal. That petition was designed to preserve any right it might have to contribution from the third-party defendants.

Auton contends that assumption of risk should not act as a total bar to the action against Deere because it was tried after we filed our decision in *Alvis v. Ribar* (1981), 85 Ill. 2d 1. She maintains that the ruling in *Alvis* foreshadowed the result reached in *Coney*, where this court held that the affirmative defense of assumption of risk no longer acted as a total bar to recovery by a plaintiff whose action was grounded in products liability. Auton argues that if she is correct the decision in *Coney* should be applied retroactively, as such a decision would

not conflict with any legitimate reliance interests of the defendants. In view of the manner in which we resolve Auton's appeal, it is unnecessary to decide whether *Coney* is to be applied only prospectively.

Deere maintains that Auton cannot now be allowed to argue that comparative fault should apply because of her previous inconsistent position in the circuit court. It points to its attempts to amend its answer to the plaintiff's complaint when it moved to plead "comparative negligence" so as to allow that the "appropriate reduction in the amount of recovery be made to reflect the gross negligence and legal culpability of the Plaintiff's decedent for his own death and alleged resulting pecuniary loss arising therefrom." Deere contends that its motion was objected to by the plaintiff during an extended oral argument, and that the plaintiff's position was adopted by the circuit court.

It is fundamental to our adversarial process that a party waives his right to complain of an error where to do so is inconsistent with the position taken by the party in an earlier court proceeding. "A party cannot complain of an error which he induced the court to make or to which he consented. [Citations.]" (*McKinnie v. Lane* (1907), 230 Ill. 544, 548; see also *R. B. Hayward Co. v. Lundoff-Bicknell Co.* (1937), 365 Ill. 537, 541.) "The rationale of this rule is obvious. It would be manifestly unfair to allow one party a second trial upon the basis of error which he injected into the proceedings." (*Ervin v. Sears, Roebuck & Co.* (1976), 65 Ill. 2d 140, 144.) Deere's judgment must be affirmed, then, if Auton's position during the trial of her case, which was adopted by the trial judge, was inconsistent with the one she now takes, which is that the decedent's assumption of risk should have been presented to the jury as a damage-reducing factor.

Auton contends that her position at trial was not in-

consistent with her present assertion that comparative fault should apply. She urges that Deere's first proposed amendment to its answer, which called for application of comparative negligence, was too broad. Deere's first motion to amend alleged:

"[T]he undersigned should be allowed to plead comparative negligence of the Plaintiff's decedent, which comparative negligence indeed was the sole proximate cause of the death of Plaintiff's decedent and the alleged resulting pecuniary loss to Plaintiff's decedent's next of kin, as an alternative affirmative defense to the denials of liability by the undersigned so as to assure that in the event the Jury or factfinder or Court herein were to assess liability against the undersigned and in favor of the Plaintiff, that appropriate reduction in the amount of recovery be made to reflect the gross negligence and legal culpability of Plaintiff's decedent for his own death and alleged resulting pecuniary loss arising therefrom."

She argues that this amendment would have allowed any fault on the part of the decedent to reduce the award to the plaintiff, but this specific argument was not advanced to the trial judge as a reason for rejecting the proposed amendment. She also points to her numerous objections before, during and after trial to Deere's second amended answer, which set up an affirmative defense of assumption of risk as a total bar to the plaintiff's recovery.

Auton's arguments ignore the fact that Deere's second amended answer was Deere's response to the circuit court's denial of its first motion to amend its answer, and presumably would never have been filed had the first motion alleging comparative negligence as a damage-reducing factor been allowed. Moreover, Auton fails to explain specifically how her position in this court is different from the one she argued against in the circuit court. Auton's position in the circuit court was that comparative negligence, as expressed in *Alvis*, did not apply

in a strict products liability action. Her counsel argued:

"The Court [in *Alvis*] said, 'We therefore hold that in cases involving negligence, the common law doctrine of contributory negligence is no longer the law in the State of Illinois, and in those instances where applicable, it is replaced by the doctrine of comparative negligence,' and that was how the decision came out as modified and that particular sentence was modified by the Court on June 4th.

So, what we have, then, is the Court saying, first of all, you have to have a case involving negligence. We don't have a case involving negligence against John Deere; we have a case involving strict liability.

\* \* \*

Second of all, the Court in its holding said with the common law doctrine of contributory negligence, we don't have that doctrine applying in strict liability in Illinois.

\* \* \*

In order to give John Deere the relief it wants, this Court would have to overrule the Supreme Court decisions that say that contributory negligence of the Plaintiff is not a bar to his recovery in strict liability, and then second of all, once it's done away, then it would have to extend the *Alvis* doctrine to this situation.

\* \* \*

I think *Alvis* is saying that in cases involving negligence, the common law doctrine of contributory negligence is no longer the law, and in those instances where applicable is replaced by the doctrine of comparative negligence, our argument is simply under the case of *Alvis*. This case is not applicable to have this law apply to it. It's a strict liability case. Contributory negligence has nothing to do with strict liability, and therefore, we shouldn't apply *Alvis*."

The decision in *Coney* changed the law applicable to strict products liability claims. Whereas previously misuse of the product and assumption of the risk were complete bars to an action, *Coney* held that these two de-

fenses continued to be available, but only as damage-reducing factors. In *Coney* this court recognized that, in strict products liability actions, there can be no comparison of negligence or fault because the cause of action is not based on negligence. The manufacturer is liable without regard to negligence, and consequently no comparison can be made insofar as liability is concerned between the conduct of the manufacturer and that of the injured party. However, *Coney* held that if, in a strict products liability action, defendant's product caused the injury, but plaintiff's misuse or assumption of the risk of the product contributed to the damages, the comparative-fault principle will operate to reduce plaintiff's recovery in the amount of the damages which the trier of fact determines the plaintiff has caused by his conduct. That is what this court meant when it used the term "comparative negligence or fault" in the context of a strict products liability action, a concept that perhaps, hereafter, could be more precisely characterized as "comparative damages."

Auton, however, argued against application of comparative negligence in any manner in a strict products liability action. Her position was that comparative negligence, including comparative fault of *any* type, whether as a complete defense or as a damage-reducing factor, was inappropriate in such an action. The theory she expounded, quoted above, was that since *Alvis v. Ribar* (1981), 85 Ill. 2d 1, which adopted the doctrine of comparative negligence, involved an action based on negligence, the newly accepted doctrine resulting in the reduction of damages was applicable only in negligence actions and not in strict products liability actions. Her argument was, of course, not supported by what the court later decided in *Coney*. Deere, on the other hand, attempted to introduce comparative negligence as a damage-reducing factor in the manner *Coney* later ap-

proved, but it was forestalled from doing so by the objections of the defendant which the circuit judge upheld. Because her position at trial was inconsistent with the one she now advances, Auton waived application of comparative fault to the conduct of the deceased.

Deere's motion to amend, which Auton opposed at trial, did not seek to reduce any award in plaintiff's favor because of ordinary negligence on the part of the decedent but only on the basis of his "gross negligence and legal culpability." This corresponds to the language of the *Coney* opinion where this court adhered to the statement in *Williams v. Brown Manufacturing Co.* (1970), 45 Ill. 2d 418, 423, that "[c]ontributory negligence of the plaintiff is not a defense when such negligence consists merely in a failure to discover the defect in the product, or to guard against the possibility of its existence." (*Coney v. J.L.G. Industries, Inc.* (1983), 97 Ill. 2d 104, 119.) This court went on to say that "a consumer's unobservant, inattentive, ignorant, or awkward failure to discover or guard against a defect should not be compared as a damage-reducing factor." (97 Ill. 2d 104, 119.) We construe Deere's use of the words "gross negligence and legal culpability" in terms of the damage-reducing factors approved in *Coney* so as to allege that it did not expect to rely on the decedent's ordinary negligence (that is, his "failure to discover the defect in the product, or to guard against the possibility of its existence"), but only on the decedent's legal culpability, which, as prior to *Coney*, would, in a strict products liability action, be misuse of the product or assumption of risk.

The plaintiff argues, however, that her opposition to the jury instruction was not at odds with the position she now asserts because her objection was to assumption of risk as a complete bar in strict products liability. The trial judge instructed the jury that "[i]f *** you find from your consideration of all the evidence *** that each

of the propositions required of the defendant has been proved, then your verdict should be for the defendant on Count I of the complaint." The instruction required the defendant to show that the decedent "knew of the condition which the plaintiff claims made the \*\*\* scraper unreasonably dangerous," that he "understood and appreciated the risk of injury from that condition" and "that the known condition was a proximate cause" of the damage. The plaintiff argues that this instruction was improper in view of this court's decision in *Coney*.

As pointed out above, Deere tendered this instruction only after, at Auton's insistence, the circuit court rejected Deere's effort to apply comparative negligence or fault principles. Moreover, while it is true that after *Coney* such an instruction was incorrect, the plaintiff failed to perfect her appeal because her objection did not specifically alert the trial judge to the problem presented by the instruction. The plaintiff's objection was that "there is no evidence to support the role of the plaintiff as to applicability of the doctrine of assumption of risk, that is, he is not the user of the machine." At all times before, during and after trial, Auton contended that the decedent was not guilty of any conduct which would provide the factual basis for the defense of assumption of risk, her argument being based on the assertion that her husband was not the user of the machine and that only the user could be charged with assuming a risk. She did not object to the instruction on the basis that it was offered as a complete defense instead of as a damage-reducing factor. The plaintiff's specific objection, that assumption of risk did not apply to the facts of her case, did not preserve her appeal on any other ground which might have been available as a proper objection. (See *Saldana v. Wirtz Cartage Co.* (1978), 74 Ill. 2d 379, 386-87; *cf.* McCormick, Evidence sec. 52, at 117 (2d ed. 1972) (a specific objection to evidence does not preserve an ap-

peal if another "tenable ground" for the exclusion was not argued).) As a result, Auton waived application of comparative fault because her present position is contrary to her trial position that no fault was attributable to the deceased.

Auton also waived application of comparative fault when her counsel failed to tender jury instructions requiring damage reduction of the type allowed in *Coney* for any risk the decedent assumed. A party is not permitted to appeal his overruled objection to an erroneous jury instruction when he fails to tender an alternate one which he contends on appeal, but failed to argue in the trial court, presents the proper statement of the law. "We cannot regard as error the omission of the court to give instructions which were not asked. In *Isaacs v. United States*, 159 U.S. 487, 491, Mr. Justice Brown said: 'It is no ground for reversal that the court omitted to give instructions, where they were not requested by the defendant. ***' " *Humes v. United States* (1898), 170 U.S. 210, 211-12, 42 L. Ed. 1011, 1012, 18 S. Ct. 602, 602-03; see also 75 Am. Jur. 2d *Trial* sec. 577 (1974).

A plaintiff cannot take the position on appeal that a case should have been presented to the jury with different instructions than those which were given unless at trial he tendered instructions which set forth the statement of the law he contends, on appeal, would have been the proper one. Our Rules 239 and 366 (87 Ill. 2d Rules 239, 366) clearly require that the plaintiff, who now takes the position that the jury should have been instructed on comparative negligence but in a manner different than it was, bore the responsibility for submitting to the trial judge an instruction which stated the law for which she now contends. This was explained in *Saldana v. Wirtz Cartage Co.* (1978), 74 Ill. 2d 379, 387:

"To preserve an objection to \*\*\* an instruction, one must set it forth with specificity so the trial court is advised of the specific nature of the objection before ruling. (Supreme Court Rule 239(b), 58 Ill. 2d R. 239(b); *Delany v. Badame* (1971), 49 Ill. 2d 168, 178; see *Havlovic v. Scilingo* (1972), 7 Ill. App. 3d 918.) Additionally, even if plaintiff had properly objected, he is still required to tender a proper instruction. Supreme Court Rule 366(b)(2)(i), 58 Ill. 2d R. 366(b)(2)(i); *Department of Public Works & Buildings v. Klehm* (1973), 56 Ill. 2d 121, 127, *cert. denied* (1974), 417 U.S. 947, 41 L. Ed. 2d 667, 94 S. Ct. 3072."

By failing to tender an instruction permitting assumption of risk as a damage-reducing factor, the plaintiff waived her right to maintain on appeal, as she now does, that this was the proper instruction rather than the instruction which stated that assumption of risk was a defense to the action. Her failure to tender such an instruction left the trial judge in a position where he did not have before him an instruction covering the manner in which, according to the plaintiff's current argument, comparative fault should correctly have been applied.

We hold, therefore, that because of her previous inconsistent position Auton is foreclosed from now maintaining that it is proper to apply comparative fault as a damage-reducing factor to the conduct of the deceased. After failing at the trial of this case to alert the court to the proper use of comparative fault to reduce her award in the products liability action, Auton is precluded from complaining now that the circuit judge did not correctly apply the concept of comparative fault in this type of action.

In view of this resolution of Auton's appeal, we need not pass on the wisdom or correctness of the appellate court's decision that *Coney* should only apply prospectively.

The judgment of the appellate court is affirmed.

*Judgment affirmed.*