(No. 87795.—

CAROLYN McMATH, Ex'r of the Estate of Kenneth
Mcmath, Deceased, Appellee, v. RICHARD E.
KATHOLI, M.D., Appellant.

*Opinion filed March 23, 2000.—Rehearing denied May 30, 2000.*

MILLER, J., took no part.

Heyl, Royster, Voelker & Allen (Karen L. Kendall, of
Peoria, and Frederick P. Velde, of Springfield, of counsel),
for appellant.

Randall A. Wolter, of Wolter, Beeman & Lynch, of Springfield, for appellee.

CHIEF JUSTICE HARRISON delivered the opinion of the court:

In February 1994, plaintiff, Carolyn McMath, filed a medical malpractice action against defendant, Dr. Richard E. Katholi, to recover damages for the wrongful death of her husband, Kenneth McMath. After a three-day trial held in December 1997, the circuit court of Sangamon County entered judgment on the jury verdict in favor of Dr. Katholi and plaintiff appealed. A majority of the appellate court reversed and remanded for a new trial, holding that the circuit court abused its discretion by allowing defendant to testify as an opinion witness because he had not disclosed himself in accordance with Supreme Court Rule 213 (177 Ill. 2d R. 213). 304 Ill. App. 3d 369. We granted defendant's petition for leave to appeal. 177 Ill. 2d R. 315.

Briefly stated, on February 27, 1992, Kenneth McMath (McMath) and his wife drove to defendant's office in Springfield from their home in Lincoln. McMath, who had a history of heart and stomach problems, had been referred to defendant the previous day by his family doctor after complaining of chest discomfort and indigestion. Because McMath did not have an appointment and was not experiencing symptoms at the time of the visit, defendant, who was in the cardiac catheterization lab, told his assistant to set up an appointment for McMath the following day. McMath died in the car on the way home from defendant's office.

Plaintiff's suit alleged that defendant committed malpractice by failing to conduct an examination of McMath or refer him to another, available doctor prior to sending him home and that this omission resulted in McMath's death. In January 1994, plaintiff took defendant's deposition. At the time of the deposition, Supreme Court Rule

220 (134 Ill. 2d R. 220) governed the disclosure of expert witnesses. However, effective January 1, 1996, this court repealed Rule 220 and amended Rule 213 (166 Ill. 2d R. 213, now 177 Ill. 2d R. 213) to include discovery and disclosure of opinion witnesses. Accordingly, in June 1996, the trial court entered a case management order pursuant to amended Rule 218 (166 Ill. 2d R. 218), which noted that defendant had completed his disclosure of all opinion testimony pursuant to Rule 213 and had named Dr. Aldred Heckman, Jr., as his only opinion witness. Defendant never updated this disclosure.

On the last day of trial, plaintiff filed a motion *in limine* seeking to bar defendant from testifying regarding, *inter alia*, the cause of McMath's death because defendant had not "been named as an opinion witness in this case." Plaintiff's motion did not cite any rule or case law supporting her request. During the argument on plaintiff's motion, the following colloquy occurred between the trial court, counsel for plaintiff, Mr. Wolter, and counsel for defendant, Mr. Velde:

"COURT: First of all, which statute are we under? ***

MR. WOLTER: We're under the statute—? I can't cite you the number, Judge, where they have to respond to my request for description of their expert witnesses. I want to say 220 but I'm not sure.

COURT: Old 220?

MR. WOLTER: Sure. ***

\* \* \*

COURT: All right. Here is the section which applies. *** Under Paragraph 4 of Rule 220(c) the provisions of Paragraph[s] (c) and (d) which pertain to disclosure here of last apply to a party or an employee of a party who will render an opinion within his expertise at the time of trial. However, the provisions of Paragraph[s] (c) and (d) do not apply to parties or employees of entities whose professional acts or omissions are the subject of a litigation. The opinions of these latter persons may be the subject of disclosure by deposition only.

And you're telling me, Mr. Velde, that Paragraphs 2 and 4 opinions regarding the cause of Mr. McMath's death and the possible causes of chest pain on February 27th have been inquired into in the deposition, isn't that correct?

MR. VELDE: *** Your Honor, I think he went into that, you know. ***

MR. WOLTER: Your Honor, I will—I think we'll stipulate he was asked questions about those two issues.

COURT: All right. I will allow the doctor to testify then to those issues. We'll show that the third motion in limine is granted in part as to Paragraphs 1 and 3 which is by agreement and denied as to Paragraphs 2 and 4."

Plaintiff filed a post-trial motion challenging the partial denial of her third motion *in limine*. In this post-trial motion, plaintiff, for the first time, invoked Rule 213(g) for the proposition that, though a party to the case, a defendant must be identified as an opinion witness if he is to render opinions during trial. At the hearing on the post-trial motion, while plaintiff argued that Rule 213, and not Rule 220, applied, defendant reminded the court that it had made a ruling based on Rule 220 and had properly held that defendant, as a party and a treating physician, could testify. The trial court denied plaintiff's post-trial motion because her counsel had stipulated that defendant had been deposed regarding the opinion testimony the court allowed into evidence, stating: "I think perhaps this issue was waived by Mr. Wolter."

On appeal, the majority ignored the issue of waiver, reasoning:

"The trial court allowed Katholi's opinion testimony after citing and reading from a provision in Rule 220 that excepted from disclosure any party whose professional malpractice formed the subject matter of the litigation. 134 Ill. 2d R. 220(c)(4), repealed by order of June 1, 1995 (see Official Reports Advance Sheet No. 20 (September 27, 1995)). However, the whole point of replacing Rule 220 with the amendments to Rule 213 and Rule 218 was to rid Illinois law of the myriad of exceptions under the old rule. *** We

therefore conclude that the court abused its discretion by applying an exception to Rule 220 in a case governed by Rule 213." 304 Ill. App. 3d at 378-79.

Justice Cook's dissent argued, in part, that plaintiff waived this issue by "encouraging the trial court to rule under Rule 220." 304 Ill. App. 3d at 385 (Cook, J., dissenting). Defendant also contends, before this court, that plaintiff waived the issue which was the basis for the majority's reversal of the jury's verdict and remand for a new trial. We agree.

"It is fundamental to our adversarial process that a party waives his right to complain of an error where to do so is inconsistent with the position taken by the party in an earlier court proceeding." *Auton v. Logan Landfill, Inc.*, 105 Ill. 2d 537, 543 (1984). A party cannot complain of error which he induced the court to make or to which he consented. *Auton*, 105 Ill. 2d at 543; *McKinnie v. Lane*, 230 Ill. 544, 548 (1907); see also *J.L. Simmons Co. ex rel. Hartford Insurance Group v. Firestone Tire & Rubber Co.*, 108 Ill. 2d 106, 116 (1985). " 'The rationale of this rule is obvious. It would be manifestly unfair to allow one party a second trial upon the basis of error which he injected into the proceedings.' " *Auton*, 105 Ill. 2d at 543, quoting *Ervin v. Sears, Roebuck & Co.*, 65 Ill. 2d 140, 144 (1976); see also *People v. McAdrian*, 52 Ill. 2d 250, 254 (1972) ("Waiver is particularly pertinent where the conduct of a party before the trial court induced the court to rule as it did"). Thus, here, judgment for defendant must be affirmed if plaintiff's position during the trial of her case, which was adopted by the trial court, is inconsistent with the one she has argued on appeal, which is that Rule 213 governs whether defendant's opinion testimony was admissible at trial. See *Auton*, 105 Ill. 2d at 543.

As is clearly set forth above, at the motion hearing the trial court specifically asked plaintiff which rule applied, and plaintiff at first hesitantly volunteered and

then assured the court that it was Rule 220. While it is true that Rule 220 had been repealed and that Rule 213 had replaced it, plaintiff is barred from raising this issue because her objection misled the trial court as to the law which governed the situation. Plaintiff did not object that the dictates of Rule 213 prevented defendant from testifying. Rather, plaintiff's counsel objected at trial that, under Rule 220, defendant was not listed in "respon[se] to my request for description of their expert witnesses." This objection did not preserve plaintiff's appeal on any other ground which might have been available as a proper objection. See *Auton*, 105 Ill. 2d at 548; *Puskar v. Hughes*, 179 Ill. App. 3d 522, 531 (1989) (contention that plaintiff's testimony should have been barred because he was not disclosed as an expert witness pursuant to Supreme Court Rule 220(b) was deemed waived, where defendant failed to object to the testimony at trial on that basis). As a result, plaintiff in the case at bar waived the issue of whether Rule 213 would bar defendant's testimony on cause of death, because that position is contrary to her trial position that Rule 220 applied.

We hold, therefore, that because of her previous inconsistent position, plaintiff is foreclosed from now arguing that defendant's testimony was erroneously admitted under Rule 213. After inviting the trial court to rule on the admissibility of the evidence based on Rule 220, plaintiff is precluded from complaining now that the circuit court's ruling was erroneous based on some other evidentiary rule. See *Auton*, 105 Ill. 2d at 550.

The appellate court's decision on the merits is therefore reversed, and the judgment of the circuit court is affirmed.

*Appellate court judgment reversed;*
*circuit court judgment affirmed.*

JUSTICE MILLER took no part in the consideration or decision of this case.