# Illinois Official Reports

## Appellate Court

---

***Perez v. Illinois Concealed Carry Licensing Review Board*,**
**2016 IL App (1st) 152087**

---

| | |
|---|---|
| Appellate Court Caption | BENJAMIN PEREZ, Plaintiff-Appellant, v. THE ILLINOIS CONCEALED CARRY LICENSING REVIEW BOARD, THE ILLINOIS STATE POLICE, and HIRAM GRAU, as Director of State Police, Defendants-Appellees. |
| District & No. | First District, Fourth Division<br>Docket No. 1-15-2087 |
| Filed | September 15, 2016 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 14-CH-6992; the Hon. Mary L. Mikva, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Joel A. Brodsky, of Chicago, for appellant.<br><br>Lisa Madigan, Attorney General, of Chicago (Carolyn E. Shapiro, Solicitor General, and Mary C. Labrec, Assistant Attorney General, of counsel), for appellees. |
| Panel | JUSTICE McBRIDE delivered the judgment of the court, with opinion.<br>Justices Howse and Cobbs concurred in the judgment and opinion. |

**OPINION**

¶ 1　　Plaintiff, Benjamin Perez, filed an application with defendant, the Illinois State Police, seeking a license to carry a concealed firearm in Illinois pursuant to the Firearm Concealed Carry Act (Act). 430 ILCS 66/1 *et seq.* (West 2014). Objections were made from two law enforcement agencies, the Cook County sheriff and the Chicago police department. The application was referred to defendant, the Illinois Concealed Carry Licensing Review Board (the Board), for administrative review. The Board subsequently denied plaintiff's application, finding by a preponderance of the evidence that plaintiff posed a danger to himself or others, or a threat to public safety. 430 ILCS 66/10 (West 2014).

¶ 2　　Plaintiff appeals, arguing that the Board's decision was against the manifest weight of the evidence because (1) it was based on police reports and criminal history reports regarding criminal charges for which plaintiff was either found not guilty or was not charged, (2) the decision was based on inadmissible and unreliable hearsay evidence, and (3) the Board's decision to deny his application without conducting an evidentiary hearing denied plaintiff of his due process rights.

¶ 3　　In January 2014, plaintiff filed his application for a concealed carry license with the Illinois State Police. In March 2014, the Illinois State Police notified plaintiff that they received objections to his eligibility from a law enforcement agency. The objections were submitted to the Board, which would issue a decision within 30 days of receipt of the objections. The objection from the Chicago police department was from a police report of domestic violence in February 2007.

¶ 4　　The narrative section of the report stated that the reporting officers responded to a domestic battery. Upon arrival the officers spoke with the victim, plaintiff's girlfriend. She informed them that she and plaintiff were in a verbal argument and plaintiff "without justification struck victim in the back of head with his fist." Plaintiff then "struck victim several more time[s] using his hands and feet about the head, face, and body before fleeing the scene." The officers observed "minor bruising to the left eye and lower right leg." The victim refused medical treatment and did not sign a complaint. The report indicated that there were 14 past instances of abuse and that two children were present. The investigation was subsequently suspended when the detective was unable to contact the victim for an interview.

¶ 5　　The objection from the Cook County sheriff was based on plaintiff's arrest in August 2011 for aggravated assault to a police/sheriff employee (720 ILCS 5/12-2(a)(16) (West 2010)). Plaintiff was subsequently found not guilty following a January 2012 bench trial.

¶ 6　　In addition, plaintiff's criminal history disclosed that in August 2003, plaintiff was charged with four vehicle-related offenses, including criminal trespass to vehicle and driving without a license. The history indicated these charges were "stricken from docket with leave to reinstate." Plaintiff also had a 2001 juvenile arrest for assault with a disposition that was "not mandated to be reported."

¶ 7　　In March 2014, plaintiff received a letter from the Illinois State Police informing him that the Board "has determined by a preponderance of the evidence" that he posed a danger to himself or others and was a threat to public safety. The Board affirmed the objections and denied plaintiff's application.

¶ 8        In April 2014, plaintiff filed a *pro se* complaint in the circuit court seeking review of the Board's decision to deny his application. In July 2014, defendants filed a motion to remand to the Board. Defendants asserted that subsequent to its denial of plaintiff's application, the Illinois Administrative Code was amended to include new rules regarding the Board and its review of law enforcement objections. See 20 Ill. Adm. Code 2900.100 *et seq.*, adopted at 39 Ill. Reg. 1518 (eff. Jan. 6, 2015) (adopting emergency rule at 38 Ill. Reg. 19571 (eff. Sept. 18, 2014)). Defendants asked for a remand for further proceedings consistent with the new administrative rules. In July 2014, the circuit court granted defendants' motion and remanded the case to the Board for further proceedings.

¶ 9        Following remand, plaintiff received a letter from the Illinois State Police informing him of the objections to his concealed carry application and his right to submit relevant evidence to the Board for its consideration. Plaintiff submitted a response, arguing that (1) there was no competent evidence that he committed an act of domestic violence or the aggravated assault of police or sheriff employee, (2) the not guilty finding in the aggravated assault of police or sheriff employee was evidence of his innocence, and (3) the failure of police to arrest and charge him in the domestic violence case was evidence that he did not perform the acts. Plaintiff attached the certified statement of conviction/disposition for the aggravated assault case, stating that there was a finding of not guilty.

¶ 10       In December 2014, the Board issued its final order denying plaintiff's application for a concealed carry license. "After reviewing the evidence received, the [Board] determined, by a preponderance of the evidence, that [plaintiff] is a danger to him/herself, is a danger to others, or poses a threat to public safety. Therefore, the objection is sustained and the Illinois State Police is directed to deny" plaintiff's application.

¶ 11       Thereafter, plaintiff filed a motion asking to file his first amended complaint for administrative review. Plaintiff later filed a "specification of errors" in regard to the Board's final decision, arguing that (1) the Board's decision was contrary to the record and against the manifest weight of the evidence and clearly erroneous, (2) the finding that plaintiff is a danger to himself and others or poses a threat to public safety is based on inadmissible and unreliable hearsay evidence, and (3) plaintiff was denied due process when the Board failed to hold an evidentiary hearing. In response, defendants contended that (1) there was sufficient evidence in the record to support the Board's finding and the Board is authorized to review an applicant's complete criminal history and (2) the Board is not statutorily required to conduct an evidentiary hearing on an application for a concealed carry license.

¶ 12       In July 2015, the circuit court conducted a hearing. At the conclusion of the hearing, the court affirmed the Board's order denying plaintiff's application.

¶ 13       This appeal followed.

¶ 14       On appeal, plaintiff argues that the Board's denial of his concealed carry license application was against the manifest weight of the evidence because (1) it was based on police reports and criminal history reports regarding criminal charges for which plaintiff was either found not guilty or was not charged, (2) the decision was based on inadmissible and unreliable hearsay evidence, and (3) the Board's decision to deny his application without conducting an evidentiary hearing denied plaintiff his due process rights.

¶ 15       When a party appeals the circuit court's decision on a complaint for administrative review, the appellate court's role is to review the administrative decision rather than the circuit court's decision. *Siwek v. Retirement Board of the Policemen's Annuity & Benefit Fund*, 324 Ill. App.

3d 820, 824 (2001). The Administrative Review Law provides that judicial review of an administrative agency decision shall extend to all questions of law and fact presented by the entire record before the court. 735 ILCS 5/3-110 (West 2012). Further, "[t]he findings and conclusions of the administrative agency on questions of fact shall be held to be *prima facie* true and correct." *Id.* "The standard of review, 'which determines the degree of deference given to the agency's decision,' turns on whether the issue presented is a question of fact, a question of law, or a mixed question of law and fact." *Comprehensive Community Solutions, Inc. v. Rockford School District No. 205*, 216 Ill. 2d 455, 471 (2005) (quoting *AFM Messenger Service, Inc. v. Department of Employment Security*, 198 Ill. 2d 380, 390 (2001)).

¶ 16    "A mixed question of law and fact asks the legal effect of a given set of facts." *Id.* at 472. Stated another way, a mixed question is one in which the historical facts are admitted or established, the rule of law is undisputed, and the issue is whether the facts satisfy the statutory standard or whether the rule of law as applied to the established facts is or is not violated. *AFM Messenger*, 198 Ill. 2d at 391. A mixed question of law and fact is reviewed under the clearly erroneous standard. *Comprehensive Community*, 216 Ill. 2d at 472.

¶ 17    Under the Act, the Illinois State Police shall issue a concealed carry license to an applicant who is at least 21 years old, has no convictions, possesses a valid Firearm's Owner Identification card, and has completed at least 16 hours of firearms training. 430 ILCS 66/25, 75(b) (West 2014). Upon receipt of the application, the Illinois State Police shall conduct a background check of the applicant, including all available state and local criminal history record information files, including records of juvenile adjudications. 430 ILCS 66/35 (West 2014). Section 15(a) provides that "[a]ny law enforcement agency may submit an objection to a license applicant based upon a reasonable suspicion that the applicant is a danger to himself or herself or others, or a threat to public safety." 430 ILCS 66/15(a) (West 2014). In considering an objection of a law enforcement agency, the Board is required to review the materials received with the objection from the law enforcement agency and may request additional information from the law enforcement agency or from the applicant. 430 ILCS 66/20(e) (West 2014). Under the Illinois Administrative Code, the Board may request testimony on the objection from the law enforcement agency or the applicant, but "hearings shall be limited to circumstances that cannot be resolved to the [Board's] satisfaction through written communication with the parties." 20 Ill. Adm. Code 2900.140(c), adopted at 39 Ill. Reg. 1518 (eff. Jan. 6, 2015) (adopting emergency rule at 38 Ill. Reg. 19571 (eff. Sept. 18, 2014)). If the Board determines by a preponderance of the evidence that the applicant poses a danger to himself or herself, a danger to others, or is a threat to public safety, the Board must affirm the objection of the law enforcement agency and notify the Illinois State Police that the applicant is ineligible for a license. 430 ILCS 66/20(g) (West 2014).

¶ 18    Plaintiff asserts that the Board's decision was against the manifest weight of the evidence because his criminal history was insufficient to show by a preponderance of the evidence that he was a danger to himself or others or posed a threat to public safety. On remand from the circuit court, the Board provided plaintiff the opportunity to submit evidence and respond to the objections raised by the Chicago police department and the Cook County sheriff. Other than the certified statement of disposition indicating a finding of not guilty on the 2011 aggravated assault, plaintiff offered no additional evidence related to his criminal background. Plaintiff argues that the not guilty disposition for the 2011 charge for aggravated assault of a police or sheriff employee showed that he did not commit the accused acts. We note that

"[a]cquittal does not demonstrate a defendant's innocence." *People ex rel. City of Chicago v. Le Mirage, Inc.*, 2013 IL App (1st) 093547-B, ¶ 134 (citing *People v. Jackson*, 149 Ill. 2d 540, 549 (1992)). "It means only that the prosecution was unable to prove the defendant guilty beyond a reasonable doubt." *Id.*

¶ 19 However, as previously observed, the Act specifically allows for the Board to consider all available state and local criminal history record information files, including records of juvenile adjudications. 430 ILCS 66/35 (West 2014). We also point out that an objection from a law enforcement agency under section 15(a) of the Act is not required to be based on a prior conviction but rather "a reasonable suspicion that the applicant is a danger to himself or herself or others, or a threat to public safety." See 430 ILCS 66/15(a) (West 2014).

¶ 20 "The primary rule of statutory construction is to ascertain and give effect to the intention of the legislature. The best evidence of legislative intent is the language used in the statute itself, which must be given its plain and ordinary meaning. The statute should be evaluated as a whole, with each provision construed in connection with every other section." *Cinkus v. Village of Stickney Municipal Officers Electoral Board*, 228 Ill. 2d 200, 216-17 (2008).

¶ 21 Plaintiff's argument that his criminal history is insufficient to create a reasonable suspicion under the Act fails to consider the entirety of the Act. The plain language of the Act, which allows the Board to consider plaintiff's entire criminal history as well as the objections based on a reasonable suspicion, shows the legislature's intent not to limit considerations for an application to convictions. If the legislature had intended to limit the consideration of an applicant's background to his or her convictions, then the language would reflect that narrow intent. Instead, the broad language illustrates the intent for a wide ranging consideration of an applicant's criminal history.

¶ 22 Here, the Board had sufficient evidence of plaintiff's criminal history. Plaintiff's criminal background included the 2007 domestic battery, the 2011 aggravated assault, 2003 charges for criminal trespass to a vehicle and driving without a license, and a 2001 juvenile arrest for assault. The Board's determination under the Act was the lesser standard of a preponderance of the evidence, not the higher burden of reasonable doubt. The police report for the domestic battery disclosed that plaintiff's girlfriend informed officers that plaintiff struck her on her head, face, and body after a verbal argument. The report noted that the officers observed minor bruising around the victim's eye and leg. Plaintiff did not offer a statement refuting or explaining the evidence against him. Based on this evidence, we cannot say the Board's determination that plaintiff was a danger to himself or others or posed a threat to public safety was against the manifest weight of the evidence or clearly erroneous. The opposite conclusion is not clearly evident, nor are we left with a firm conviction that a mistake was made.

¶ 23 Further, we are not persuaded by plaintiff's assertion that the evidence related to his criminal history was inadmissible hearsay. First, we point out that plaintiff failed to raise this hearsay argument before the Board and any objection has been forfeited. "It is well established that when hearsay evidence is admitted without an objection, it is to be considered and given its natural probative effect." *Jackson v. Board of Review of the Department of Labor*, 105 Ill. 2d 501, 508 (1985).

¶ 24 Forfeiture aside, Rule 802 of the Illinois Rules of Evidence provides that hearsay is not admissible except "by statute as provided in Rule 101." See Ill. R. Evid. 802 (eff. Jan. 1, 2011). As we have discussed, the statutory scheme under the Act permits such an exception because it requires the Illinois State Police as well as the Board to consider an applicant's criminal

history, including arrests, when reviewing an application for a concealed carry license. See 430 ILCS 66/15(a), 20(e), 35(2) (West 2014). In raising an objection, law enforcement agencies are required to submit "any information relevant to the objection." 430 ILCS 66/15(a) (West 2014). Additionally, as plaintiff concedes, the Administrative Procedure Act provides "[e]vidence not admissible under those rules of evidence may be admitted, however, (except where precluded by statute) if it is of a type commonly relied upon by reasonably prudent men in the conduct of their affairs." 5 ILCS 100/10-40(a) (West 2014). The language of the Act establishes the intent to permit the admission of hearsay evidence before the Board for considering a concealed carry license application.

¶ 25       Plaintiff also argues that because he "is being charged with committing a criminal act in a civil proceeding, there is an extra burden of clear and convincing evidence." We find plaintiff's argument lacks merit. First, plaintiff's argument relies on the decision in *Shallow v. Police Board*, 95 Ill. App. 3d 901, 908 (1981), but the bright line holding has been questioned. See *Board of Education of the City of Chicago v. State Board of Education*, 113 Ill. 2d 173, 194 (1986) (finding that in administrative proceedings concerning a teacher's dismissal "in which conduct constituting a crime is alleged the charge need only be proved by a preponderance of the evidence"). Significantly, the Act specifically designates that the standard is preponderance of the evidence. 430 ILCS 66/20(g) (West 2014). Moreover, the Seventh Circuit has recently considered and rejected the same argument, observing that "[a]s a matter of administrative law, the proponent of a position bears the burden of showing entitlement by a preponderance of the evidence." *Berron v. Illinois Concealed Carry Licensing Review Board*, No. 15-2404, slip op. at 8 (7th Cir. June 17, 2016). "Plaintiffs are the applicants for licenses, so they bear the burden of showing entitlement. To be more precise, a state may assign applicants that burden without transgressing the Constitution. Illinois is a little more generous, placing the burden on the state to show why an application should be denied." *Id.* (citing 430 ILCS 66/20(g) (West 2014)). "Section 66/20(g) uses a preponderance standard, which is the norm in civil litigation." *Id.* We agree with the Seventh Circuit in *Berron* and find that the statutory language controls the required standard of evidence before the Board.

¶ 26       Finally, plaintiff asserts that he was denied his right to due process because the Board failed to conduct an evidentiary hearing. Specifically, plaintiff contends that since he was being charged with criminal conduct, the failure to hold an evidentiary hearing regarding the allegations against plaintiff was a denial of due process.

¶ 27       First, "[d]ue process is a flexible concept which 'requires only such procedural protections as fundamental principles of justice and the particular situation demand.' " *Hayashi v. Illinois Department of Financial & Professional Regulation*, 2014 IL 116023, ¶ 40 (quoting *Abrahamson v. Illinois Department of Professional Regulation*, 153 Ill. 2d 76, 92 (1992)). "An administrative proceeding need not involve a hearing in the nature of a judicial proceeding in order to comply with due process." *Id.* Rather, at its core, due process requires notice and an opportunity to be heard. *Chamberlain v. Civil Service Comm'n*, 2014 IL App (2d) 121251, ¶ 46. Under the administrative rules interpreting the Act, the Board was not required to hold an evidentiary hearing since hearings "shall be limited to circumstances that cannot be resolved to the [Board's] satisfaction through written communication with the parties." 20 Ill. Adm. Code 2900.140(c) adopted at 39 Ill. Reg. 1518 (eff. Jan. 6, 2015) (adopting emergency rule at 38 Ill. Reg. 19571 (eff. Sept. 18, 2014)); see also 430 ILCS 66/20(e) (West 2014) (the Board may request testimony from law enforcement, the Department, or the applicant). Here, the Board

notified plaintiff of the law enforcement objections to his license application and provided him the opportunity to respond, which he did.

¶ 28 Second, we point out that plaintiff did not request a hearing after receiving notice of objections by law enforcement agencies, nor did he challenge the administrative process that allows for the denial of an application without an evidentiary hearing. The failure to raise an issue before an administrative body, even a question of constitutional due process rights, results in the forfeiture of the issue on appeal. *Cinkus*, 228 Ill. 2d at 212-13.

> "Additionally, raising an issue for the first time in the circuit court on administrative review is insufficient. The rule of procedural default specifically requires first raising an issue before the administrative tribunal rendering a decision from which an appeal is taken to the courts. Given that in administrative review cases the circuit courts act as the first-tier courts of review, the reason and logic behind that requirement are clear." *Id.* at 213.

Rather, plaintiff consented to the administrative procedure of written communications. See *McMath v. Katholi*, 191 Ill. 2d 251, 255 (2000) (a party may not complain of error to which he consented).

¶ 29 Finally, plaintiff has not cited nor developed an argument regarding the factors to guide a due process analysis as set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976). Given plaintiff's forfeiture of the matter before the Board as well as his failure to fully develop his due process argument on appeal, we need not address those factors. See Ill. S. Ct. R. 341(h)(7) (eff. Jan. 1, 2016) (points not argued are waived and shall not be raised in the reply brief); see also *Express Valet, Inc. v. City of Chicago*, 373 Ill. App. 3d 838, 855 (2007) (an issue not clearly defined and sufficiently presented fails to satisfy the requirements of Rule 341(h)(7) and is, therefore, waived). Accordingly, plaintiff's due process argument fails.

¶ 30 Based on the foregoing reasons, we affirm the judgment of the circuit court of Cook County affirming the Board's order denying plaintiff's application for a concealed carry license.

¶ 31 Affirmed.