NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2021 IL App (4th) 200349-U

NO. 4-20-0349

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
August 20, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| ALBERTA FLACHS, by Her Attorney in Fact, | ) | Appeal from the |
| LOWELL A. FLACHS, | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Adams County |
| v. | ) | No. 19MR117 |
| THE ILLINOIS DEPARTMENT OF HUMAN | ) | |
| SERVICES, and GRACE HOU, in Her Official Capacity | ) | Honorable |
| as Secretary of Human Services, | ) | Scott D. Larson, |
| Defendants-Appellees. | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Justices Turner and Cavanagh concurred in the judgment.

**ORDER**

¶ 1    *Held*: Plaintiff forfeited review of her claim challenging the sufficiency of the notice issued by the Department of Human Services following its decision to deny her application for welfare benefits. The Department of Human Services did not violate federal or state regulations or plaintiff's right to due process in denying plaintiff's request to reopen her application for welfare benefits.

¶ 2    In September 2017, plaintiff, Alberta Flachs, filed an application for Medicaid benefits to help cover her long-term-care expenses. On March 3, 2018, defendant, the Illinois Department of Human Services (the Department), denied plaintiff's application because she failed to submit certain information to verify her eligibility for benefits. Five days later, Lowell Flachs, acting as plaintiff's power of attorney, requested the Department reopen plaintiff's application and submitted documents to the Department that he believed demonstrated plaintiff's eligibility for benefits. On January 9, 2019, the Department denied plaintiff's request to reopen her application.

Plaintiff filed an administrative appeal, which was dismissed for lack of jurisdiction. Plaintiff then sought administrative review in the trial court, and the court affirmed the Department's dismissal.

¶ 3        On appeal, plaintiff argues the Department's March 3, 2018, notice of decision and the Department's denial of her request to reopen her Medicaid application did not comply with requirements set forth in federal regulations and the Illinois Administrative Code and denied her due process. We affirm.

¶ 4                            I. BACKGROUND

¶ 5        Plaintiff is a resident of Sunset Home, a long-term care facility located in Quincy, Illinois. On September 15, 2017, plaintiff applied for medical assistance through Medicaid to help cover her long-term care expenses.

¶ 6        On September 22, 2017, the Department sent plaintiff and Sunset Home a document titled "Instructions to Client," which stated that, to confirm her eligibility for medical benefits, plaintiff was required to submit: (1) statements relating to her banking and other financial accounts, (2) a prepaid burial contract, if she had one, (3) if applicable, verification that her burial expenses were funded by her life insurance policy, (4) information related to a vehicle she owned, (5) information related to any property she owned which had been sold or given away, (6) copies of her health insurance cards, (7) proof of any power of attorney, and (8) a Department form to be filled out. The Instructions to Client document further stated: "If we do not hear from you by [October 2, 2017], we will not be able to decide if you qualify and your application may be denied."

¶ 7        On February 6, 2018, the Department sent plaintiff, Sunset Home, and Lowell Flachs a document titled "Verification Checklist" requesting: (1) bank statements from plaintiff's checking account covering certain periods, (2) verification of a certain life insurance policy or annuity referenced in a checking account statement plaintiff had previously submitted, (3) a

pension statement covering a certain period, (4) information related to the sale of her vehicle, and (5) the "origin of deposits over $500 made into [plaintiff's] checking acc[ount]." The checklist also stated: "If you do not respond by Feb[ruary] 16, 2018, your SNAP, Cash and/or Medical benefits could be reduced, cancelled, or denied."

¶ 8 The record does not indicate that plaintiff or anyone acting on her behalf submitted any documents to the Department in response to the February 6, 2018, verification checklist prior to February 16, 2018.

¶ 9 On March 3, 2018, the Department sent plaintiff, Sunset Home, and Lowell a notice of decision denying her application for medical assistance (the Notice). The Notice stated:

> "This is the decision made about your application for Medical Assistance dated September 15, 2017.
>
> DENIED—per Policy Manual Chapter PM 02-07
>
> Explanation:
>
> Your eligibility cannot be determined due to your failure to provide necessary information.
>
> If your application is denied, you may meet with staff at the local [Department] Family Community Resource Center *** to ask questions about the denial. At this informal meeting, you may present information or evidence you think is important to the decision and you may bring individuals of your choice to represent you. The action explained in this notice will not be taken if you can show it is wrong.
>
> Whether you choose to meet or not, you have the right to appeal the denial of your application.

* * *

"If you do not agree with this decision, you have the right to appeal and receive a fair hearing. You must file the appeal within 60 days after the Date of Notice (see page 1 of this notice). You may represent yourself at this hearing or may be represented by anyone else you choose such as a lawyer, relative or friend." The Notice also explained how to request an appeal of the Department's decision and listed resources for free legal assistance.

¶ 10    Five days later, on March 8, 2018, Lowell, acting as plaintiff's power of attorney, sent the Department an email which stated, "I would like to request that this case be reopened for Alberta E. Flachs ***[.] Attached are documents that you asked for along with a letter stating why we were late in getting the paperwork into you." In the email, Lowell included documents related to plaintiff's life insurance policy, bank accounts, prepaid burial contract, vehicle, and annuity. Immediately thereafter, the Department responded, stating, "Your email inquiry has been forwarded for case reopen review. Thank you for your patience."

¶ 11    On January 9, 2019, the Department contacted Sunset Home by telephone and informed a representative of the facility that the Department had denied plaintiff's request to reopen her application and that plaintiff's application for benefits remained denied. The Department did not otherwise contact plaintiff, Lowell, or Sunset Home regarding plaintiff's request to reopen her application.

¶ 12    On January 24, 2019, plaintiff filed an administrative appeal with the Department's Bureau of Hearings. On the appeal request form, plaintiff's authorized representative indicated that plaintiff was appealing the "Denial of Re-open conveyed by phone call on or about 1-9-19" and that she requested a fair hearing because "[her] application/request was denied and [she]

disagree[d] with this." During the first hearing on plaintiff's appeal, plaintiff's representative argued the Department's failure to provide written notice of its decision not to reopen plaintiff's application was "constitutionally deficient under the Regulations." In response, the Department argued the Bureau of Hearings lacked jurisdiction over plaintiff's claim because she failed to appeal the Department's decision denying her application for benefits within 60 days of March 3, 2018, the date of the Notice, as required under section 10.282(a) of Title 89 of the Illinois Administrative Code (Code) (89 Ill. Adm. Code 10.282(a) (1997)). The administrative law judge continued the proceeding to allow plaintiff's representative to file a brief in support of plaintiff's argument, which brief was filed on March 1, 2019.

¶ 13        On May 22, 2019, the administrative law judge conducted a hearing to determine whether the Bureau of Hearings lacked jurisdiction over plaintiff's appeal, as alleged by the Department. During this hearing, plaintiff's representative argued the Bureau of Hearings had jurisdiction over plaintiff's appeal either because the appeal was filed within 60 days of January 9, the date the Department denied her request to reopen her application, or because the Department's reopen process violated plaintiff's right to due process. The Department's representative testified that the Department "review[ed] this case for a potential reopen and found that *** it did not meet the requirements for a reopen as not all missing verifications were provided within 60[ ]days of the denial." Additionally, the Department's representative testified that the reopening process "does not affect [an applicant's] right to appeal the decision on the medical case or change any deadlines to file an appeal of the Application that was denied for failure to provide the required information or verification." The representative concluded that the Department was not required to give notice of its decision not to reopen plaintiff's application because the decision did not constitute a denial of eligibility for benefits. Finally, the Department's representative

acknowledged the Notice did not include a list of items plaintiff failed to produce but testified "the verification checklist had already been provided at that point."

¶ 14　　　　After the hearing, the administrative law judge found that the Bureau of Hearings did not have jurisdiction over plaintiff's appeal because it was not filed within 60 days of the Notice, as required under regulation. On May 29, 2019, Grace Hou, the Secretary of the Department, issued a final administrative decision dismissing plaintiff's appeal and upholding the decision of the administrative law judge. In the decision, Hou concluded that plaintiff's appeal was filed more than 60 days after the date of the Notice, "the re[ ]open period d[id] not toll or extend the timeframe to file an appeal," and the Department was not required to send a notice of decision after denying plaintiff's petition to reopen her application because "the Department had already taken action by denying [plaintiff's] application."

¶ 15　　　　On June 10, 2019, plaintiff sought administrative review in the trial court, presenting two arguments. First, plaintiff argued "the Department's Reopen Process for Denied Medical Applications requires a notice to be issued to the Medical Applicant with the right to request a fair hearing once a determination of the Reopen request was made and processed by the Department." Plaintiff also argued "the documentation that was timely submitted to the Department was sufficient to reopen the Medical Application." The court affirmed the Secretary's determination that the Bureau of Hearings did not have jurisdiction over plaintiff's administrative appeal.

¶ 16　　　　This appeal followed.

¶ 17　　　　　　　　　　　　　　II. ANALYSIS

¶ 18　　　　On appeal, plaintiff argues the Notice and the Department's denial of her request to reopen her Medicaid application did not comply with requirements set forth in the Code or in

federal regulations and denied her due process.

¶ 19 The scope of judicial review of a final administrative decision "extend[s] to all questions of law and fact presented by the entire record before the court." 735 ILCS 5/3-110 (West 2018); *Evans ex rel. Durbin v. State ex rel. Department of Human Services*, 2013 IL App (4th) 121082, ¶ 17, 13 N.E.3d 752. "When an appeal is taken to the appellate court following entry of judgment by the trial court on administrative review, it is the decision of the administrative agency, not the judgment of the trial court, which is under consideration." *Evans*, 2013 IL App (4th) 121082, ¶ 17. Because, as stated above, the Bureau of Hearings did not address plaintiff's current claims but instead dismissed her appeal for lack of jurisdiction, we review defendant's contentions *de novo*. See, *e.g.*, *Board of Education of Waukegan Community Unit School District 60 v. Illinois State Charter School Comm'n*, 2018 IL App (1st) 162084, ¶ 124, 97 N.E.3d 85 (reviewing the appellant's claim *de novo* where the trial court did not address the merits of the appellant's claim during earlier proceedings).

¶ 20 In 1965, Congress enacted the Medicaid Act (42 U.S.C. § 1396 *et seq.* (2018)) which created a "cooperative program in which the federal government reimburses state governments for a portion of the costs to provide medical assistance to low income groups," including, among others, medically needy persons. *Gillmore v. Illinois Department of Human Services*, 218 Ill. 2d 302, 304-05, 843 N.E.2d 336, 338 (2006). A medically needy person is one who is ineligible to receive cash grants under certain general welfare programs because her resources exceed the eligibility threshold for those programs but who nonetheless is unable to pay for medical assistance. *Id.* at 305 (citing 305 ILCS 5/5-2(2) (West 2002); 42 C.F.R. § 435.300 *et seq.* (2003)). To qualify for Medicaid benefits as a medically needy person, an applicant must have limited income and assets and must "spend down" any resources that exceed applicable

statutory and regulatory limits. *Id.*

¶ 21   "States that choose to participate in the federal Medicaid programs have the ability to design their own plans, but they must also meet certain federal guidelines." *Moore v. State Department of Human Services*, 2017 IL App (4th) 160414, ¶ 18, 74 N.E.3d 1173. To participate in Medicaid, "[s]tates must comply with certain broad requirements imposed by federal statutes and regulations issued by the United States Department of Health and Human Services, which oversees the Medicaid program." *Gillmore*, 218 Ill. 2d at 305. Under federal regulation, the state agency administering the Medicaid program must, at the time the agency denies an applicant's claim for eligibility, benefits, or services, provide the applicant written notice containing, among other things, "[a] clear statement of the specific reasons supporting the intended action." 42 C.F.R. § 431.206(c)(2) (2017); 42 C.F.R. § 431.210(b) (2017). Federal regulations further provide:

"(a) The State agency must grant an opportunity for a hearing to the following:

(1) Any individual who requests it because he or she believes the agency has taken an action erroneously, denied his or her claim for eligibility or for covered benefits or services, or issued a determination of an individual's liability, or has not acted upon the claim with reasonable promptness including, if applicable—

(i) An initial or subsequent decision regarding eligibility ***." 42 C.F.R. § 431.220(a) (2017).

The State agency also must provide notice of any required hearing. 42 C.F.R. § 431.206(b) (2017).

¶ 22   The Illinois Medicaid program is governed, in part, by regulations set forth in the Code. Section 10.270(a) of Title 89 of the Code (89 Ill. Adm. Code 10.270(a) (2011)) provides that "[e]very applicant for assistance shall be sent or given a written notice of disposition of the

- 8 -

application." Section 10.270(c) provides that the notice denying assistance must contain: (1) "[a] clear statement of the action being taken," (2) "[a] clear statement of the reason for the action," (3) "[a] reference to the statute, rule, or policy provision under the authority of which the action is taken," and (4) "[a] complete statement of the client's right to appeal." *Id.* § 10.270(c). An applicant for medical assistance may appeal the decision denying her application but must exercise her right to appeal within 60 calendar days from the date of the written notice of decision. 89 Ill. Adm. Code 10.280(a)(3) (1997); 89 Ill. Adm. Code 10.282(a) (1997).

¶ 23    The aforementioned federal and state provisions are encapsulated within the Department's Medicaid Policy Manual (Manual) (available at https://www.dhs.state.il.us/page.aspx?item=13473). The Manual consists of a policy manual, which sets forth general guidance on Medicaid issues, and a "workers' action guide," instructing Department employees on relevant processes and procedures related to the state's Medicaid program. *Tjaden ex rel. Tjaden v. State*, 2013 IL App (4th) 120768, ¶ 37, 11 N.E.3d 812. Among other things, the Manual identifies a process by which the Department will reopen an application for benefits that it had previously denied where the denial resulted from the failure of the applicant to provide required information and the applicant provides that information within 60 days of the notice of decision.

¶ 24    Here, plaintiff first argues the Notice: (1) violated section 10.270(c) of the Code (89 Ill. Adm. Code 10.270(c) (2011)), (2) violated section 431.210(b) of Title 42 of the Code of Federal Regulations (42 C.F.R. § 431.210(b) (2017)), and (3) denied her due process. Specifically, plaintiff argues the Notice was defective because the statement that "[her] eligibility [could not] be determined due to [her] failure to provide necessary information" did not constitute a "clear statement" explaining the reason her application was denied, as required under the cited

regulations and, as she claims, was required by due process. In response, the Department argues plaintiff forfeited review of her claim because she did not raise the issue during earlier proceedings. We agree with the Department.

¶ 25 "The failure to raise an issue before an administrative body, even a question of constitutional due process rights, results in the forfeiture of the issue on appeal." *Perez v. Illinois Concealed Carry Licensing Review Board*, 2016 IL App (1st) 152087, ¶ 28, 63 N.E.3d 1046; see also *Cinkus v. Village of Stickney Municipal Officers Electoral Board*, 228 Ill. 2d 200, 212-15, 886 N.E.2d 1011, 1019-21 (2008)). "Additionally, raising an issue for the first time in the circuit court on administrative review is insufficient. The rule of [forfeiture] specifically requires first raising an issue before the administrative tribunal rendering a decision from which an appeal is taken to the courts." *Cinkus*, 228 Ill. 2d at 213. Here, plaintiff forfeited review of her claim challenging the sufficiency of the Notice because she did not raise it during the proceeding before the Bureau of Hearings. The record is clear that, during the administrative hearing, plaintiff only challenged the Department's procedures for reopening an application for benefits. Indeed, during the second proceeding before the Bureau of Hearings, the following colloquy occurred:

"HEARING OFFICER MORRIS: So, my understanding from the last hearing is that your Appeal is not based on the Notice of Decision, you['re] arguing, what, the Reopen Request?

[PLAINTIFF'S REPRESENTATIVE]: That is correct."

Nonetheless, in her reply brief, plaintiff attempts to avoid forfeiture by arguing she raised the current claim in her brief to the Bureau of Hearings. In support, plaintiff cites to a single page in her brief. Although it is unclear what portion of the cited page plaintiff believes supports her argument, we assume plaintiff refers to the following language:

"[B]y failing to provide notice of a subsequent decision made during the re-open status, the Department's policy fails to meet the Constitutional and regulatory requirement to meet the *Goldberg* [*v. Kelly*, 397 U.S. 254 (1970)] test in that:

(1) the applicant should be informed of what documentation is required to complete review of the application and make an eligibility determination, and further, be given notice as to whether the documentation submitted was sufficient or lacking in some regard."

Read in context, this language only supports plaintiff's argument that the Department's reopen procedure violated due process. Neither the quoted language, nor any other language on the cited page, raised an independent claim challenging the sufficiency of the Notice. Because plaintiff failed to raise the notice issue during the earlier proceedings, we find it has been forfeited for review.

¶ 26    We recognize that "the forfeiture rule is an admonition to the parties and does not affect this court's jurisdiction" and that "[a] reviewing court may, in furtherance of its responsibility to provide a just result and to maintain a sound and uniform body of precedent, override considerations of [forfeiture] that stem from the adversarial nature of our system." (Internal quotation marks omitted.) *Ballinger v. City of Danville*, 2012 IL App (4th) 110637, ¶ 13, 966 N.E.2d 594. However, even if we were to overlook plaintiff's forfeiture, we would find her claim of a deficient notice lacks merit. The authority cited by plaintiff indicates that both due process and the applicable regulations require the Department to provide a "clear statement" of the reason an application for benefits was denied so the applicant may verify the accuracy of the factual or legal basis supporting the agency's decision and make an informed decision whether to challenge the agency's decision. See *M.A. v. Norwood*, 133 F. Supp. 3d 1093, 1100 (2015) (holding

the notice issued by the State agency did not comply with 42 C.F.R. § 431.210(b) because it was "insufficient to allow a claimant to prepare an effective appeal"); *Perdue v. Gargano*, 964 N.E.2d 825, 835-36 (Ind. 2012) (holding the applicant was unable to prepare a defense and so was denied due process because the notice issued by the State agency "provide[d] the applicant only with the predicate conclusions necessitating a denial of benefits").

¶ 27 Here, even if the Notice failed to provide a "clear statement" explaining the Department's adverse determination, plaintiff was nonetheless adequately informed why her application was denied. In the verification checklist dated February 6, 2018, plaintiff was explicitly told that the Department required five items to complete its consideration of her application and that, if she did not provide those five items to the Department by February 16, 2018, her application could be denied. Yet, the record does not reflect that plaintiff submitted any of these materials until after the Department denied her application in March. Therefore, when the Department notified plaintiff that her application was denied because she failed to provide "necessary information," plaintiff knew what information she had failed to provide. This fact is demonstrated by Lowell's March 8 email requesting that plaintiff's case be reopened after he provided "documents [the Department] asked for" and acknowledging that plaintiff was late in submitting the materials. Therefore, it cannot be argued that the Notice failed to inform plaintiff why her application was denied even in the absence of a "clear statement" in the Notice of the reason for the Department's action.

¶ 28 Plaintiff's second argument on appeal is that the Department's denial of her request to reopen her Medicaid application: (1) violated section 10.270(a) of Title 89 of the Code (89 Ill. Adm. Code 10.270(a) (2011)), (2) violated section 431.220(a) of Title 42 of the Code of Federal Regulations (42 C.F.R. § 431.220(a) (2017)), and (3) denied her due process.

¶ 29　　　　As stated previously, section 10.270(a) of Title 89 of the Code provides that "[e]very applicant for assistance shall be sent or given a written notice of disposition of the application." 89 Ill. Adm. Code 10.270(a) (2011). Section 431.220(a) of Title 42 of the Code of Federal Regulations requires that the State agency administering the Medicaid program "grant an opportunity for a hearing" to "[a]ny individual who requests it because he or she believes the agency has taken an action erroneously [or] denied his or her claim for eligibility *** including, if applicable *** [a]n initial or subsequent decision regarding eligibility." 42 C.F.R. § 431.220(a)(1)(i) (2017). Plaintiff contends, pursuant to these authorities, the Department should have provided her notice of its decision not to reopen her application and an opportunity to challenge the decision because the denial was either a "disposition of the application" for purposes of the Code or a "subsequent decision regarding eligibility" for purposes of the Code of Federal Regulations. The Department disagrees, arguing its denial of her request to reopen the application was not a new decision but "a refusal to make a new determination." In support, the Department cites *Your Home Visiting Nurse Services, Inc. v. Shalala*, 525 U.S. 449 (1999).

¶ 30　　　　In *Your Home*, the Supreme Court considered an appeal regarding the reimbursement procedure for healthcare service providers under the Medicare Act (42 U.S.C. § 1395 *et seq.* (1994 & Supp. II)). In its written opinion, the Supreme Court explained that, under the Medicare Act and applicable regulations, the Secretary of the Department of Health and Human Services would reimburse healthcare service providers for covered services provided to Medicare beneficiaries. *Your Home*, 525 U.S. at 450-51. To receive reimbursement, the service provider was required to submit a yearly cost report to a fiscal intermediary that acted as the Secretary's agent. *Id.* at 451. The intermediary would review the cost report and determine the amount of reimbursement to which the provider was entitled. *Id.* The Court further explained that, under the

- 13 -

Medicare Act, a provider that was dissatisfied with the amount of reimbursement approved by the intermediary could take an administrative appeal of the reimbursement decision to the Provider Reimbursement Review Board (PRRB) within 180 days. *Id.* (citing 42 U.S.C. § 1395 (1994)). In addition to the remedy set forth by statute, federal regulation "permit[ted] a provider to request the intermediary, within three years, to reopen the reimbursement determination." *Id.* (citing 42 C.F.R. § 405.1885 (1997)).

¶ 31 The appellant in *Your Home* petitioned the intermediary to reopen a prior reimbursement determination. *Id.* The intermediary refused to reopen the determination, and the appellant sought to challenge the denial before the PRRB. *Id.* The PRRB dismissed the challenge on the ground that it lacked jurisdiction to review the intermediary's refusal to reopen its determination. *Id.* Before the Supreme Court, the appellant argued the PRRB's conclusion was erroneous and that jurisdiction for the PRRB to consider its appeal was set forth in 42 U.S.C. § 1395*oo*(a)(1)(A)(i) (1994), which stated that a provider could challenge the decision of an intermediary regarding a cost report before the PRRB if the provider "[was] dissatisfied with a final determination of *** its fiscal intermediary *** as to the amount of total program reimbursement due the provider *** for the period covered by such report." *Id.* at 453 (quoting 42 U.S.C. § 1395*oo*(a)(1)(A)(i) (1994)). The Supreme Court disagreed, finding the statute did not apply because the intermediary's refusal to reopen the reimbursement decision was not a "final determination *** as to the amount," as described in section 1395*oo*(a)(1)(A)(i). Instead, the court found that the decision not to reopen the reimbursement determination was a "refusal to make a new determination." (Emphasis omitted.) *Id.* As further support for its decision, the Court noted a provider was only permitted to request the PRRB to reopen its reimbursement determination pursuant to federal regulation. The Court determined that if it accepted the appellant's position and

found that the regulation authorized a provider to challenge the intermediary's decision not to reopen a reimbursement determination, "the statutory purpose of imposing a 180-day limit on the right to seek [PRRB] review of [the reimbursement decision] [citation], would be frustrated by permitting requests to reopen to be reviewed indefinitely." *Id.* at 454.

¶ 32 We find *Your Home* instructive in addressing plaintiff's claim. The Department's decision not to reopen plaintiff's application cannot be properly understood as a "disposition of the application" for purposes of the Code or as a "subsequent decision regarding eligibility" for purposes of the Code of Federal Regulations. The Department denied plaintiff's application for benefits on March 3, 2018; it did not decide anew to deny plaintiff's application on January 9, 2019. Rather, the Department's decision not to reopen plaintiff's application was merely a determination that plaintiff failed to meet the threshold requirement to obtain a reopening of her application. This finding is supported by the fact that the only authorization for plaintiff to reopen her application is found in the Manual, which is not authoritative. Like in *Your Home*, if we were to accept plaintiff's argument that the relief afforded by the Manual permitted an applicant for Medicaid benefits to appeal the Department's decision not to reopen her application, it would frustrate the regulatory purpose of imposing a deadline for appealing the Department's substantive determination to deny the applicant benefits. See 42 C.F.R. § 431.221(d) (2017) ("The agency must allow the applicant or beneficiary a reasonable time, not to exceed 90 days from the date that notice of action is mailed, to request a hearing."); 89 Ill. Adm. Code 10.282(a) (1997) ("The right of appeal *** must be exercised within 60 calendar days after the date of the Department's action to notify the client.").

¶ 33 We note that plaintiff argues *Your Home* is not applicable in the present case and that her situation is more similar to *Salinas v. United States R.R. Retirement Board*, 141 S. Ct. 691

- 15 -

(2021). In *Salinas*, after the U.S. Railroad Retirement Board (RRB) denied the appellant's petition to reopen his application for disability benefits, the appellant sought judicial review of the RRB's decision. *Id.* at 696. The Fifth Circuit Court of Appeals dismissed the appellant's petition for lack of jurisdiction. *Id.* On review before the Supreme Court, the appellant argued the Fifth Circuit's determination that it lacked jurisdiction was erroneous because federal statute authorized judicial review of " 'any final decision of the [RRB].' " *Id.* at 696 (quoting 45 U.S.C. § 355(f) (2018)). The Court agreed with the appellant and found that the RRB's denial of the appellant's petition to reopen his application was a final decision subject to judicial review. *Id.* at 697. In reaching this conclusion, the *Salinas* Court distinguished *Your Home*, noting, in that case, the statute at issue, section 1395*oo*(a)(1)(A)(i) of the Medicare Act, was "narrower" than section 355(f), because it only allowed review of " 'the amount of total program reimbursement due the provider.' " *Id.* at 700 (quoting 42 U.S.C. § 1395*oo*(a)(1)(A)(i) (1994)). The Court also noted that, unlike section 355(f), which defined the scope of judicial review, section 1395*oo*(a)(1)(A)(i) only defined "the scope of internal agency review" and so, unlike section 355(f), did not implicate the common law presumption in favor of judicial review of government action. *Id.*; see also *Mach Mining, LLC v. Equal Employment Opportunity Comm'n*, 575 U.S. 480, 486 ("Congress rarely intends to prevent courts from enforcing its directives to federal agencies. For that reason, this Court applies a strong presumption favoring judicial review of administrative action." (Internal quotation marks omitted.)).

¶ 34          We find that the present case is more akin to *Your Home* than to *Salinas*. Like in *Your Home*, the relevant authority requiring "notice of disposition of the application" and a hearing following a "subsequent decision regarding eligibility" does not define the scope of judicial review but only the scope of review the Department is required to provide. See 42 C.F.R.

- 16 -

§ 431.220(a)(1)(i) (2017); 89 Ill. Adm. Code 10.270(a) (2011). Therefore, the presumption favoring review of the administrative action, which was applicable in *Salinas*, is not applicable here. Moreover, the regulations at issue here requiring notice and review are narrower than the statute at issue in *Salinas*. The relevant provisions in this case, like the statute in *Your Home*, are only implicated in narrow, limited circumstances and so, need not be defined broadly, as the *Salinas* Court determined section 355(f) did. See *Salinas*, 141 S. Ct. at 697. For these reasons, we reject plaintiff's argument that *Salinas* is controlling.

¶ 35        Plaintiff's final contention on appeal is that the Department's denial of her request to reopen her Medicaid application did not satisfy the requirements of due process because she was not provided adequate notice of the Department's decision or an opportunity to challenge the decision. The Department disagrees, arguing plaintiff was not denied due process but "simply missed the deadline to appeal." We agree with the Department.

¶ 36        "Due process is a flexible concept which requires only such procedural protections as fundamental principles of justice and the particular situation demand." (Internal quotation marks omitted.) *Hayashi v. Illinois Department of Financial and Professional Regulation*, 2014 IL 116023, ¶ 40, 25 N.E.3d 570. "The core of due process is the right to notice and a meaningful opportunity to be heard; no person may be deprived of a protected interest by an administrative adjudication of rights unless these safeguards are provided." (Internal quotation marks omitted.) *Adams County Property Owners and Tenant Farmers v. Illinois Commerce Comm'n*, 2015 IL App (4th) 130907, ¶ 45, 36 N.E.3d 1019. "[I]n administrative matters, due process is satisfied when the party concerned has the opportunity to be heard in an orderly proceeding which is adapted to the nature and circumstances of the dispute. [Citation.] A fair hearing includes the right to be heard, the right to cross-examine adverse witnesses, and impartiality in ruling on the evidence." (Internal

quotation marks omitted.) *Wisam 1, Inc. v. Illinois Liquor Control Comm'n*, 2014 IL 116173, ¶ 26, 18 N.E.3d 1. "A court will find a due process violation only if there is a showing of prejudice." (Internal quotation marks omitted.) *Mohorn-Mintah v. Board of Education of City of Chicago*, 2019 IL App (1st) 182011, ¶ 31; see also *Stratton v. Wenona Community Unit District No. 1*, 133 Ill. 2d 413, 435, 551 N.E.2d 640, 649 (1990) (stating allegations of error "did not result in substantial prejudice and therefore [could not] be used to establish a denial of procedural due process").

¶ 37     Here, plaintiff was provided notice of the Department's decision to deny her application for Medicaid benefits, which notice, as stated above, sufficiently informed her of the basis for the Department's decision. The Notice also informed plaintiff that, if she disagreed with the Department's decision, she had 60 days to file an appeal. Plaintiff does not dispute that had she appealed the Department's decision to deny her benefits, a hearing would have been conducted in accordance with her right to due process. Instead, plaintiff claims that even though she failed to exercise her right to appeal, she was nonetheless deprived of due process because the Department did not provide written notice and a chance to appeal the denial of her request to reopen the application. This argument is untenable. No authority requires that the Department provide Medicaid applicants the opportunity to reopen their application. The Department affords applicants that opportunity only as a matter of administrative grace. Moreover, in determining not to reopen plaintiff's application, the Department did not deprive plaintiff of any protected interest. To the extent prospective Medicaid benefits may constitute a protected interest, plaintiff was only deprived of a protected interest following the Department's denial of her application. As stated above, in rejecting plaintiff's request to reopen her application, the Department did not deny plaintiff Medicaid benefits but only determined that plaintiff failed to meet the threshold

requirement to obtain a reopening of her application. Thus, the Department was only required to provide plaintiff due process following its decision to deny her application, not following its decision declining to reopen her application.

¶ 38                           III. CONCLUSION

¶ 39            For the reasons stated, we affirm the Department's administrative decision.

¶ 40            Affirmed.