2024 IL App (1st) 221002
No. 1-22-1002
September 27, 2024

FIFTH DIVISION

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| SAM THOMPSON, as Administrator of the Estate of Lynda Parker, Deceased, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 20 CH 6969 |
| THE DEPARTMENT OF HUMAN SERVICES, an Administrative Agency and DULCE QUINTERO, in Her Official Capacity | ) ) ) ) | The Honorable David B. Atkins Judge, presiding. |
| as Secretary Designate, | ) ) | |
| Defendants-Appellees. | ) | |

JUSTICE ODEN JOHNSON delivered the judgment of the court, with opinion. Presiding Justice Mikva and Justice Navarro concurred in the judgment and opinion.

**OPINION**

¶ 1        Plaintiff Sam Thompson is the administrator of the estate of the deceased, Lynda Parker, and an employee of the nursing home where Parker lived until she died. Defendant the Department of Human Services (Department) denied both Parker's request for benefits and a subsequent request to reopen the case. The benefits at issue here are long-term care benefits from the Aid to the Aged, Blind, or Disabled (AABD) program administered by the

Department. The original denial of benefits was never appealed. This appeal is an appeal from the Department's denial of Parker's subsequent request to reopen the case. After a hearing, the administrative law judge (ALJ) dismissed this case for lack of jurisdiction, and the circuit court affirmed the dismissal on the same ground. For the following reasons, we affirm.

¶ 2                                                         BACKGROUND

¶ 3        Lynda Parker, born April 1, 1936, was admitted to Southgate Nursing and Rehabilitation Center (Southgate), in Metropolis, Illinois, on November 9, 2015. On May 6, 2018, Parker signed a document authorizing Jennifer Christian to represent her in her benefits appeal. Christian was Southgate's business office manager. Although this document was not signed until 2018, Christian appears to have represented Parker since 2016.

¶ 4        On February 11, 2016, Parker, through her representative, submitted an application for long-term care benefits to the Department. On June 6, 2016, the application was denied based on her failure to submit verification information that was required to determine her eligibility. The missing information included (1) statements for a Grand Rapids bank account for February 2016 and from February 2015 through July 31, 2015; (2) an itemized prepaid burial contract showing services and goods provided and showing whether the contract was or was not irrevocable; and (3) a 2016 tax bill for a homestead property. It is undisputed that information was outstanding at the time of the denial and that notice of the June 2016 denial was received in a timely fashion by Parker.

¶ 5        At a subsequent hearing, Christian conceded that an appeal of the denial was not filed within 60 days. See 89 Ill. Adm. Code 14.10(f)(1) (2001) ("the appeal must be filed within 60 days after the Department's action to notify"). Christian testified: "I had no idea that I had to file an Appeal. I thought that if I did a reopen, I did not know that they both *** coincided."

Christian acknowledged: "I've learned a lot since then. Back then I was not aware that a reopen and an Appeal[,] you had to do both." Christian "just thought you did the reopen and they actually did do a reopen and you just waited on them to do" it. However, Christian admitted "that's not how it works, which I've learned now."[1]

¶ 6        On June 24, 2016, Parker through her representative submitted a request to reopen her case, with additional information. The request was submitted via e-mail to the Department's medical field office (MFO). The MFO acknowledged that, on November 28, 2016, it also received a copy of a receipt from the funeral home, but it found that this document did not indicate how the contract was funded, whether it was prepaid, and whether it was irrevocable.

¶ 7        Almost four years after submitting the reopen request, counsel for Parker filed on May 7, 2020, an appeal seeking review of the Department's alleged inaction regarding Parker's reopen request. On July 13, 2020, a hearing on this appeal was held and then was continued on Parker's motion. The hearing reconvened on August 6, 2020, when Parker's motion for a continuance was again granted. The record was left open until September 1, 2020, to permit both sides to submit supporting exhibits.

¶ 8        At the hearing, Christian testified, as did a representative of the Department. The Department's representative was Cory Kistner, a casework manager. Kistner testified that, while the Department had not mailed a written notice of its denial of Parker's reopen request, the case files indicated that the caseworker reviewed the reopen request on October 21, 2016, and called Southgate. The date of October 21, 2016, was less than four months after Christian submitted the request on June 24, 2016; Kistner testified that the case files established that,

---

[1]When asked whether she was aware at the time that there was a time limit on how long a claimant had to file an appeal after the issuance of a decision, Christian admitted: "not at the time. I had no idea."

when the caseworker called Southgate on October 21, he was transferred into Christian's voicemail. On her voicemail, he left a message indicating that the case did not qualify for a reopen request and that a new application would have to be filed. Kistner testified that another application was filed in February 2019, that this application was denied and appealed, but that this appeal was later withdrawn. Christian testified that she had no notes of any voicemail message and that, had she received such a message, she would have logged it in her file. Christian testified that communication to and from the Department was done mainly through e-mail and that is how she expected to receive information.

¶ 9        Apparently finding Kistner's testimony credible, the ALJ found:

"In this case *** the Department Representative provided credible, consistent testimony that the Department received and reviewed the reopen request. The Representative further demonstrated that the assigned caseworker subsequently provided notice apprising the facility that the request was denied. It is noted that the Department Representative's testimony was supported with internal case notes, created in the normal course of business.

The relevant inquiry is therefore whether Appellant was entitled to written notice that the Department denied the reopen request."

¶ 10        Noting that the Illinois Administrative Code (Code) requires written notice of the disposition of an application, the ALJ found that no written notice was required here, because the denial of a request to reopen was not "a disposition, that is, it was not a determination on eligibility." With respect to the original denial of benefits, the ALJ found that the "period for an appeal submission is unaffected by Appellant's Representative's unfamiliarity with the appeal process outlined by the Administrative Code." The ALJ found that it lacked jurisdiction

and dismissed the appeal. Grace B. Hou, the Secretary of Human Services, adopted the ALJ's decision as the final administrative decision.

¶ 11     On November 24, 2020, Parker "through her attorney-in-fact," who at that time was her son Shane Parker, filed a "complaint for administrative review" with the circuit court. On July 6, 2022, the circuit court issued a four-page memorandum order affirming the administrative decision. The circuit court found that, since the underlying decision concerned whether or not to reopen the case and not the disposition of an application, written notice was not required by section 10.270(a) of Title 89[2] of the Code (89 Ill. Adm. Code 10.270(a) (2020) (requiring "written notice" of the "disposition of an application")). The circuit court affirmed the administrative decision, and a notice of appeal was filed on July 6, 2022, which was within 30 days of the circuit court's decision.

¶ 12     Parker died on February 24, 2023. Thus, when discussing arguments in our analysis section below, we refer to her estate and its representatives simply as plaintiff.

¶ 13                                ANALYSIS

¶ 14     On appeal, plaintiff alleges that the decision violates her due process right to be heard by dismissing her appeal as untimely and thereby denying her a fair hearing; that the decision deprived her of a constitutionally protected property right, where her appeal was timely, since time limits do not begin to run until there is proper notice; that there is a conflict between state and federal law; and that the requested documents were provided, rendering any decision to the contrary against the manifest weight of the evidence.

¶ 15                    I. We Review the Agency's Order and Record

---

[2]Title 89 governs "Social Services."

¶ 16    Before this court, plaintiff appeals the circuit court's decision on her complaint for administrative review. However, "[w]hen a party appeals the circuit court's decision on a complaint for administrative review, the appellate court's role is to review the administrative decision rather than the circuit court's decision." *Walker v. Dart*, 2015 IL App (1st) 140087, ¶ 34. "As a court of review, we are limited to considering the evidence submitted in the administrative hearing." *Walker*, 2015 IL App (1st) 140087, ¶ 35. The burden of proof in an administrative proceeding is on the plaintiff in the proceeding who, in our case, was Parker and her representatives. *Walker*, 2015 IL App (1st) 140087, ¶ 35. Thus, on this appeal, we are reviewing the decision of, and the record before, the Department. 735 ILCS 5/3-110 (West 2020) ("No new or additional evidence in support of or in opposition to any finding, order, determination or decision of the administrative agency shall be heard by the court.").

¶ 17    Before the trial court and before this court, plaintiff raised arguments concerning federal statutes and regulations that were not raised before the ALJ. Since we review the ALJ's decision, these arguments have been, as the Department argues and we explain below, forfeited for our review. Although the circuit court reviewed plaintiff's federal claims, finding them meritless in two lines, the circuit court's decision to summarily review these claims does not bind us, since our review is *de novo* with respect to the circuit court's decision and we owe no deference to the circuit court's legal findings. *Arvia v. Madigan*, 209 Ill. 2d 520, 526 (2004).

¶ 18    The case primarily relied on by the circuit court to review these claims was *Arvia*, 209 Ill. 2d 520. The *Arvia* court began by noting the "general rule" that "issues or defenses not raised before the administrative agency are deemed waived and cannot be raised for the first time on administrative review." *Arvia*, 209 Ill. 2d at 526. Nonetheless, the *Arvia* court found no waiver on the circumstances before it, where the circuit court had found a state statute

unconstitutional on its face and where the statute in question restricted the scope of the administrative hearing, thereby "dissuad[ing] a party from raising other issues and defenses before the Secretary of State." *Arvia*, 209 Ill. 2d at 527. While acknowledging the general rule, the *Arvia* court explained that "[a] facial challenge to a statute, however, presents an entirely legal question that does not require fact-finding by the agency or application of the agency's particular expertise." *Arvia*, 209 Ill. 2d at 528. By contrast, in her brief to this court, plaintiff stated that she was not making a facial challenge.[3] In addition, she argued that the alleged conflict with federal Medicaid law stemmed from the Department's "failure to inform Plaintiff of a decision on her request."[4] This allegation challenges the Department's "fact-finding" since it found that she had, in fact, been informed, and it also implicates the Department's "particular expertise" on benefits law since she alleges conflicts with comparable federal law. See *Arvia*, 209 Ill. 2d at 528. These differences take plaintiff's case out of the purview of the *Arvia* case.

¶ 19        *Arvia* ended its discussion of waiver with a warning to litigants "to raise all defenses before the administrative tribunal—even those outside of the agency's authority to decide—or risk waiver on review." *Arvia*, 209 Ill. 2d at 531. Plaintiff failed to heed this advice, and for the foregoing reasons, we find her federal-conflict claims waived for our consideration.

¶ 20                    II. Standard of Review: Factual Finding

¶ 21        As noted above, there was a factual dispute before the ALJ, about whether the Department's caseworker did or did not inform Christian by voicemail of the Department's

---

[3]Plaintiff's brief states: "The [state] policy on its face does not appear to present a constitutional deprivation. It was the ALJ's application of the statute in this case to deny Plaintiff her right to a fair hearing that results in the deprivation."

[4]Plaintiff's brief asserts throughout that she received no notice and that it was this fact that denied her constitutional rights and created an alleged conflict with federal Medicaid law. For example, the argument section of her brief asserts that "DHS issued no notice of action to Plaintiff." Similarly, the brief later states: "The failure to inform Plaintiff of a decision on her request prompted the appeal filed on May 6, 2020."

denial of Parker's request to renew. This question is separate and apart from the legal question of whether the Department was statutorily required to send a written notice of some kind, such as a letter or e-mail. The ALJ found for the Department on both questions: that Christian had, in fact, been informed by voicemail and that this voicemail notice was legally sufficient for the denial of a request to renew, since such a denial was not the disposition of an application.

¶ 22     With respect to an agency's factual findings, a court of review must start with the presumption that they are "prima facie true and correct." 735 ILCS 5/3-110 (West 2020) ("The findings and conclusions of the administrative agency on questions of fact shall be held to be prima facie true and correct."). An agency's findings of fact and credibility determination may not be overturned unless they are against the manifest weight of the evidence. *Parikh v. Division of Professional Regulation of the Department of Financial & Professional Regulation*, 2014 IL App (1st) 123319, ¶ 28. A finding is against the manifest weight only if the opposite conclusion is clearly evident. *Parikh*, 2014 IL App (1st) 123319, ¶ 28. If an issue is merely one of conflicting testimony or witness credibility, then the agency's determination should stand. *Parikh*, 2014 IL App (1st) 123319, ¶ 28.

¶ 23     In the case at bar, Christian testified that, if she had received a voicemail, she would have made a note, while Kistner testified that the Department's case file indicated that the caseworker had left a message on Christian's voicemail indicating that the case did not qualify for a reopen request and that a new application would have to be filed. The ALJ resolved this factual dispute in favor of the Department, and we cannot find this result against the manifest weight of the evidence where it was supported by Kistner's testimony and documentary evidence from the Department's case files. Thus, we proceed with the rest of our analysis with

the understanding that plaintiff was informed of the denial of the reopen request. As noted above, this is a separate question from whether written notice was required.

¶ 24                        III. Standard of Review: Legal and Mixed Questions

¶ 25        Plaintiff's initial brief asserted no notice, while plaintiff's reply brief seemed to shift the argument to assert no notice or no written notice. Since we already found that the ALJ's factual finding was not against the weight of the evidence, we now turn to the arguments regarding written notice.

¶ 26        Plaintiff alleges that the lack of written notice of the reopen denial violated statutory requirements and that the dismissal for lack of jurisdiction violated her due process right to be heard. Questions of statutory interpretation and questions of due process are questions of law, to which we apply a *de novo* standard of review. *WISAM 1, Inc. v. Illinois Liquor Control Comm'n*, 2014 IL 116173, ¶ 24 (whether a claimant before an administrative agency was "provided with the necessary due process is a question of law which this court reviews *de novo*"); *Cinkus v. Village of Stickney Municipal Officers Electoral Board*, 228 Ill. 2d 200, 210 (2008) ("an agency's interpretation of the meaning of the language of a statute constitutes a pure question of law," to which we apply a *de novo* standard of review). An agency's decision on a question of law is not binding on a reviewing court, and thus, "the court's review is independent and not deferential." *Cinkus*, 228 Ill. 2d at 210.

¶ 27        To the extent that the questions in front of us pose a mixed question of law and fact, we review the agency's decision under the clearly erroneous standard. *Cinkus*, 228 Ill. 2d at 211. " 'Clearly erroneous' " denotes an intermediate level of deference that is between *de novo* review and manifest weight review. *Koehler v. Illinois Liquor Control Comm'n*, 405 Ill. App. 3d 1071, 1079 (2010). It "means that the agency's decision will be reversed only where the

9

reviewing court is left with a definite and firm conviction that a mistake has been committed." *Koehler*, 405 Ill. App. 3d at 1079.

¶ 28                                    IV. Written Notice and the Statute

¶ 29          Plaintiff claims that, by dismissing as untimely her appeal of her request to renew, the Department deprived her of due process by denying her a hearing. However, a court should always address nonconstitutional issues first. *In re E.H.*, 224 Ill. 2d 172, 178 (2006) ("cases should be decided on nonconstitutional grounds whenever possible, reaching constitutional issues only as a last resort"). Thus, before analyzing her constitutional claim, we discuss whether the Department failed to give her statutorily sufficient notice. Plaintiff claims a voicemail was not enough, and the Department found that it was.

¶ 30          With statutory interpretation, our primary goal is to ascertain and give effect to the intent of the statute's drafters. *VC&M, Ltd. v. Andrews*, 2013 IL 114445, ¶ 30. The most reliable indicator of the drafters' intent is the language they chose to use in the statute itself. *VC&M, Ltd.*, 2013 IL 114445, ¶ 30. The drafters' language should be given its plain and ordinary meaning (*VC&M, Ltd.*, 2013 IL 114445, ¶ 30), and the statute that they crafted should be read as a whole (*Watson v. Legacy Healthcare Financial Services, LLC*, 2021 IL App (1st) 210279, ¶ 38 (an act must be read in its entirety)). Looking at Title 89 as a whole and reading the various relevant sections convinces us that written notice was not statutorily required.

¶ 31          First, section 10.270(a) provides: "Every applicant for assistance shall be sent or given a written notice of disposition of the application." 89 Ill. Adm. Code 10.270(a) (2011). At issue here was not an "application" but a request to reopen the case. 89 Ill. Adm. Code 10.270(a) (2011); *Flachs v. Illinois Department of Human Services*, 2021 IL App (4th) 200349-U, ¶ 32 ("[t]he Department's decision not to reopen plaintiff's application cannot be properly

understood as a 'disposition of the application' for purposes of the Code"). Plaintiff's application had a final and appealable disposition in a prior proceeding, and Christian admittedly received the required written notice of the disposition but did not appeal within 60 days. 89 Ill. Adm. Code 10.270(a) (2011); 89 Ill. Adm. Code 14.10(f)(1) (2001) ("For a public assistance issue, the appeal must be filed within 60 days after the Department's action to notify the client[.]").

¶ 32    Second, section 10.282(a) draws a distinction between "notification" and "written notification." 89 Ill. Adm. Code 10.282(a) (2020). Section 10.282(a) provides, in relevant part:

"Day one of the 60 day time period shall be the day following:

(1) The date on a written notification of a decision on an application ***

(2) The date of the Department's notification of a denial of a request ***." 89 Ill. Adm. Code 10.282(a) (2020).

The above language contemplates "a written notification of a decision on an application," but only "notification" of the "denial of a request," thereby indicating that written notification is not required for the denial of a request. 89 Ill. Adm. Code 10.282 (2020).

¶ 33    Lastly, section 10.282(b) provides that the "60 day time limitation does not apply when the Department [(1)] fails to send a required written notification, [(2)] fails to take action on a specific request, or [(3)] denies a request without informing the client." 89 Ill. Adm. Code 10.282(b) (2020). For the denial of a request, the period is tolled only if the Department does so "without informing the client." 89 Ill. Adm. Code 10.282(b) (2020). "[I]nforming the client," thus, appears to be all that is required when the Department denies a request. 89 Ill. Adm. Code 10.282(b) (2020). As we already explained above, the ALJ's factual finding that

the Department had informed plaintiff by leaving a voicemail was not against the manifest weight of the evidence.

¶ 34 To counter this plain statutory language, plaintiff cites *Southgate Nursing & Rehabilitation Center v. Illinois Department of Human Services*, No. 19-CH-2782 (Cir. Ct. Cook County, June 2, 2020). As a circuit court case, it has no precedential value. *Delgado v. Board of Election Commissioners of Chicago*, 224 Ill. 2d 481, 488 (2007) ("Under Illinois law, the decisions of circuit courts have no precedential value ***."). Even if it did, it is readily distinguishable from the case at bar because, in that case, the claimant received no notice at all.

¶ 35 In the prior *Southgate* case, both Christian and Kistner appeared to testify at the administrative hearing, as they did here. *Southgate*, No. 19-CH-2782, at 3-4. However, in the prior case, Kistner indicated that Southgate was not informed that its request to reopen had been denied, whereas in the case at bar, Kistener testified that the caseworker *had* contacted Southgate to inform it of the denial. As a result, the circuit court in the prior case found that the Department had failed to notify the plaintiff and that the 60-day time limit did not apply where the Department " 'denies a request without informing the client.' "[5] *Southgate*, No. 19-CH-2782, at 11 (quoting 89 Ill. Adm. Code 10.282(b) (2020)). Thus, the cited circuit court case is both nonprecedential and factually different in significant respects.

¶ 36 Where the statutory language is plain, where the drafters' scheme is consistent throughout several sections, and the cited case is both distinguishable and nonprecedential, we can find no statutory violation.

---

[5]The circuit court criticized the Department, noting that its failure to respond at all "leaves the applicant completely in the dark." *Southgate*, No. 19-CH-2782, at 11.

¶ 37                                    V. Due Process

¶ 38          Plaintiff is correct in that "a cause of action is a species of property protected by the Fourteenth Amendment's Due Process Clause [(U.S. Const., amend. XIV)]." *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428 (1982). The United States Supreme Court has interpreted the federal due process clause as preventing the states from denying potential litigants use of established adjudicatory procedures, when such action would be the equivalent of denying them an opportunity to be heard. *Logan*, 455 U.S. at 429-30. However, nothing prevents a state from erecting reasonable procedural requirements, and a state "certainly accords *due* process when it terminates a claim for failure to comply with a reasonable procedural" requirement. (Emphasis in original.) *Logan*, 455 U.S. at 437.

¶ 39          In the case at bar, plaintiff filed an application with her claim and received prompt written notification of its denial. The law gave her every right to appeal, but she did not. Instead of filing an appeal within the statutorily required 60 days, plaintiff submitted only a discretionary request to reopen—a choice that Christian later candidly admitted was a mistake. *Flachs*, 2021 IL App (4th) 200349-U, ¶ 37 ("[t]he Department affords applicants [the] opportunity" to submit a reopen request "only as a matter of administrative grace"). The Department notified Christian promptly by voicemail of its denial of plaintiff's request, as determined after an evidentiary hearing at which all sides testified and submitted documents. In the case at bar, where plaintiff was afforded appellate rights, hearings, and prompt notifications, it is impossible to find a violation of constitutional due process. *Flachs*, 2021 IL App (4th) 200349-U, ¶ 37 (finding no denial of due process although the Department did not provide written notice of its denial of a reopen request).

¶ 40                                    CONCLUSION

¶ 41    For all the foregoing reasons, we affirm the dismissal of this appeal for lack of jurisdiction. We find, first, that any arguments regarding federal statutes and regulations were waived for failure to bring them before the Department, particularly where the Department has expertise in this area and plaintiff was also challenging the Department's fact-finding. Second, the ALJ's factual finding that plaintiff was informed of the denial of her request to reopen was not against the manifest weight of the evidence, where it was supported by testimony and documentary evidence that the ALJ found to be credible. Third, reviewing the statute as a whole and reading the various relevant sections together established that written notice was not statutorily required for the denial of a reopen request. Lastly, we cannot find a deprivation of constitutional due process, where plaintiff received written notice of the disposition of her application and failed to exercise the appellate rights afforded to her and where she received prompt notification of the denial of her request to reopen, as well as a full evidentiary hearing on the notification issue. That the ALJ found the other side more credible is not a due process issue.

¶ 42    Affirmed.

*Thompson v. Department of Human Services*, **2024 IL App (1st) 221002**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 20-CH-6969; the Hon. David B. Atkins, Judge, presiding. |
| **Attorneys for Appellant:** | Kelsey Feucht, of Harrisburg, Pennsylvania, for appellant. |
| **Attorneys for Appellee:** | Kwame Raoul, Attorney General, of Chicago (Jane Elinor Notz, Solicitor General, and Bridget DiBattista, Assistant Attorney General, of counsel), for appellees. |